# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

05 JAN 13 AM 10: 50

JOEL GOLDMAN,

    Plaintiff,

v

HEALTHCARE MANAGEMENT
SYSTEMS, INC. and
THOMAS E. GIVENS

    Defendants

Case No. 1:05CV0035
Honorable

Richard Alan Enslen
U.S. District Judge

| CURRIE KENDALL, PLC | LAW OFFICE OF STANLEY K. HILL, PLC |
|---|---|
| By: Peter A. Poznak (P27948) | By: Stanley K. Hill (P47441) |
| Attorneys for Plaintiff | Attorney for Plaintiff |
| 6024 Eastman Avenue | 2625 Denison Dr. |
| Midland, MI 46841-2765 | Mt. Pleasant, MI 48858-5596 |
| Phone: 989/839-0300 | Phone: 989/774-2900 |
| Fax: 989/832-0077 | Fax: 989/774-2922 |
| poznak@curriekendall.com | skhill@skiplaw.com |

## COMPLAINT
### and
## DEMAND FOR JURY

Comes now Plaintiff Joel Goldman, by counsel Peter A. Poznak of Currie Kendall, PLC and Stanley K. Hill of the Law Offices of Stanley K. Hill, PLC, and for his Complaint against the Defendants Healthcare Management Systems, Inc. and Thomas E. Givens states as follows:

### NATURE OF ACTION

1. This is a suit for an accounting and damages for Defendants' actions in infringing Plaintiff's copyrights and engaging in unfair competition against Plaintiff.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction of this matter under 17 USC 101, et. seq. and 28 USC 1338 because this action arises under the Copyright Law of the United States, 17 USC 101, et seq.

3.  Venue is proper in the Western District of Michigan, Southern Division under 28 USC 14000 and LCivR 3.2(e) because Defendant Healthcare Management Systems is found herein and because Plaintiff Joel Goldman resides herein.

## THE PARTIES

4.  Plaintiff Joel Goldman ("Goldman") is an individual residing in and doing business from Mecosta County, Michigan at 6694 Sunset Lane, Stanwood, Michigan.

5.  Goldman is in the business of writing, revising and licensing of computer software.

6.  Defendant Healthcare Management Systems, Inc. ("HMS") is a Tennessee corporation with its principal office in Davidson County, Suite 400, 3102 West End Avenue, Nashville, Tennessee.

7.  HMS does business in the State of Michigan, has registered itself with the Michigan Department of Consumer and Industry Services, Bureau of Commercial Services as a foreign corporation doing business in the State of Michigan and has appointed the Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025 as its registered agent.

8. HMS is in the business of providing information technology systems and support to approximately 450 hospitals throughout the United States.

9. Defendant Thomas E. Givens ("Givens") is an individual, officer, director, employee and/or principal of HMS.

10. Givens does business in the State of Michigan as an officer, director, employee and/or principal of HMS.

## GENERAL ALLEGATIONS

11. Commencing in the 1970's Goldman has engaged in the business of designing computer software applications for IBM hardware and IBM operating systems, including IBM System 34 and System 36, to process hospital data.

12. In 1989, Goldman converted his software systems to run on IBM AS400 hardware and operating systems.

13. By the end of 1979, Goldman had written and implemented such software for hospital medical records, which included statistical analysis by physician, financial class, and service code (hereinafter "Goldman's Health Information Services software" or "HIS software").

14. Goldman's HIS software was capable of producing medical records reports by admissions and diagnosis related groups ("DRGs") in addition to the industry standard of producing medical records reports by discharge.

15. The HIS software created by Goldman and its organization of data utilizes routines, subroutines, and source code, which are original, unique and created by Goldman.

16.     The HIS software created by Goldman produces reports that are original, unique and created by Goldman.

17.     From and after October 1, 1979, Goldman provided and licensed HIS software to hospitals in the United States and Puerto Rico.

18.     Prior to 1983, reimbursement to hospitals by third party payors, including the Medicare program, was based on cost.

19.     In 1983, the Medicare program announced that DRGs were to be utilized to determine Medicare payments to hospitals.

20.     In 1983, when Givens was serving as a vice president and MIS director of American Medical Centers of Nashville, Tennessee, Goldman met with Givens in Nashville, Tennessee.

21.     At the 1983 Nashville meeting, Goldman and Given met to discuss the purchase by American Medical Centers of HIS software for installation and use at the hospitals American Medical Centers operated.

22.     At the 1983 Nashville meeting, Goldman demonstrated the HIS software to Givens.

23.     At the 1983 Tennessee meeting, Goldman installed one copy of the HIS software on a computer in Given's office and provided an additional copy to Givens on a diskette.

24.     In providing the HIS software to Givens, its subsequent use was solely to be by American Medical Centers which was to pay Goldman $10,000 for each American Medical Centers' hospital which utilized the HIS software.

4

25. No consent was provided by Goldman to Givens or American Medical Centers for use of HIS software by any other than American Medical Centers or the hospitals it operated and, even then, only if $10,000.00 was paid to Goldman for each installation.

26. Goldman has not been paid by Givens, American Medical Centers, or any person or entity on their behalf for the HIS software provided to Givens.

27. HMS was incorporated on May 4, 1984 by Givens' filing of the HMS Charter with the Tennessee Secretary of State, setting forth within that Charter Givens as the incorporator.

28. HMS provides information technology systems that integrates clinical and financial applications on IBM platforms.

29. From and after the incorporation of HMS in 1984, Givens has acted as software developer, programmer and product engineer for the information technology and software products sold, licensed and supported by HMS.

30. During the calendar year 2004, Goldman became aware that the information technology and software products sold, licensed and supported by HMS include Goldman HIS routines, subroutines and databases, and produce reports identical to or substantially similar to the Goldman HIS reports.

## Count I
## Copyright Infringement

31.     Goldman repeats herein as if recited verbatim allegations 1 through 30, above.

32.     Goldman's HIS software is original to Goldman and is copyrightable subject matter under the laws of the United States.

33.     The 1979 version of Goldman's HIS software has been registered with the United States Copyright Office under the Registration Number TX 6-023-458.

34.     Since October 1, 1979 Goldman has been and still is the sole proprietor of all rights, title and interest in and to the HIS software.

35.     Subsequent to his acquisition of HIS software from Goldman, the exact time being unknown to Goldman, Givens infringed Goldman's copyright by writing a computer program system that contains substantial material copied from Goldman's HIS software.

36.     Subsequent to its incorporation on May 4, 1984, the exact time being unknown to Goldman, HMS infringed Goldman's copyright by writing a computer program system that contained substantial material copied from Goldman's HIS software.

37.     At the present time HMS is providing information technology systems and support to approximately 450 hospitals throughout the United States and provides to those hospitals software applications which contain substantial material copied from Goldman's HIS software.

38. The infringement of each of Plaintiff's rights in and to the copyrighted material constitutes a separate and distinct act of infringement.

39. HMS and Givens' aforesaid acts have been knowing and willful and these acts constitute copyright infringement in violation of 17 USC 501 and 17 USC 504.

40. By reason of their infringement of Goldman's copyright, HMS and Givens are liable to Goldman for the actual damages incurred by Goldman as a result of the infringement and any additional profits of HMS and Givens attributable to such infringement.

## Count II
## Unfair Competition

41. Goldman repeats herein as if recited verbatim those allegations 1 - 40, above.

42. The HIS software created by Goldman contains trade secrets which derive independent economic value from not being generally known, are not readily ascertainable by proper means, and were and are the subject of reasonable efforts to maintain their secrecy.

43. HMS and Givens have misappropriated from Goldman the HIS software.

44. HMS and Givens have engaged and continue to engage in unfair competition with Goldman through its use of the HIS software.

45. HMS and Givens have been unjustly enriched in profits they received from said misappropriation and profits received from use of its derivatives.

WHEREFORE Plaintiff Joel Goldman this Court enter its Judgments against the Defendants Healthcare Management Systems, Inc. and Thomas E. Givens as follows:

1st.   That HMS and Givens, their officers, agents, servants, employees and attorneys and all persons in active concert or participation with them, be enjoined from infringing Joel Goldman's copyrights pursuant to 17 USC 502.

2nd.   That HMS and Givens, jointly and severally, pay Goldman such damages and profits as provided in 17 USC 504, including statutory damages, or actual damages suffered by Goldman, or their profits attributable to said Defendants' infringement.

3rd.   That HMS and Givens, jointly and severally, pay Goldman such damages as he has sustained, together with all income and profits they have derived from their unfair competition and misappropriation of Goldman's trade secrets.  Alternately, Goldman is entitled to his actual damages incurred as a result of Defendants' infringement and any additional profits of Defendant attributable to the infringement together with costs and attorneys' fees.

4th.   That HMS and Givens, jointly and severally, pay Goldman the costs and disbursements of this action, with reasonable attorney fees, as provided by 17 USC 505.

5th.   Awarding Goldman all such other relief including exemplary damages or statutory damages as this Court will deem must in this action.

(Signatures and Jury Demand next page)

Dated: January 12, 2005

CURRIE KENDALL, PLC

_____
By:    Peter A. Poznak (P27948)
6024 Eastman Avenue
Midland, MI 46840
Phone: 989/839-0300
Fax: 989/832-0077

LAW OFFICES OF
STANLEY K. HILL, PLC

_____
By:    Peter A. Poznak (P27948)
For:   Stanley K. Hill (P47441) *with permission*
2625 Denison Dr.
Mt. Pleasant, MI 48858-5596
Phone: 989/774-2900
Fax: 989/774-2922

## JURY DEMAND

Comes now Plaintiff Joel Goldman, by counsel Peter A. Poznak of CURRIE KENDALL, PLC and Stanley K. Hill of the Law Offices of Stanley K. Hill, PLC, and demands a trial by jury of all issues so triable herein.

Dated: January 12, 2005

CURRIE KENDALL, PLC

_____
By:    Peter A. Poznak (P27948)
6024 Eastman Avenue
Midland, MI 46840
Phone: 989/839-0300
Fax: 989/832-0077

LAW OFFICES OF
STANLEY K. HILL, PLC

_____
By:    Peter A. Poznak (P27948)
For:   Stanley K. Hill (P47441) *with permission*
2625 Denison Dr.
Mt. Pleasant, MI 48858-5596
Phone: 989/774-2900
Fax: 989/774-2922

S:\SUPER\PPOZNAK\CIVIL\Goldman, Joel\pleadings\complaint (final).doc

9