# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JOEL GOLDMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   **Case No. 1:05 CV 0035** |
| v. | ) |
| | ) |
| HEALTHCARE MANAGEMENT | ) |
| SYSTEMS, INC. and THOMAS | ) |
| E. GIVENS, | ) |
| | ) |
|     Defendants. | ) |

## ANSWER TO COMPLAINT AND DEMAND FOR JURY
## AND AFFIRMATIVE DEFENSES

NOW COME Defendants, Healthcare Management Systems, Inc. ("HMS") and Thomas E. Givens ("Givens") (collectively, "Defendants"), by and through their undersigned counsel, and state as follows for their Answer to the Complaint and Demand for Jury filed against them by Joel Goldman ("Plaintiff"):

## **ANSWER**

1. With respect to the allegations contained in Paragraph 1 of the Complaint, Defendants state that the Complaint speaks for itself.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants do not contest venue.

4. Defendants, being without sufficient information to either admit or deny the allegations of Paragraph 4, deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants, being without sufficient information to either admit or deny the allegations of Paragraph 5, deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit that Givens is an individual who is an employee, officer and director of HMS. The remaining allegations contained in Paragraph 9 of the Complaint are ambiguous, and Defendants, being without sufficient information to either admit or deny them, deny the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants, being without sufficient information to either admit or deny the allegations of Paragraph 11, deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants, being without sufficient information to either admit or deny the allegations of Paragraph 12, deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants, being without sufficient information to either admit or deny the allegations of Paragraph 13, deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants, being without sufficient information to either admit or deny the allegations of Paragraph 14, deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants, being without sufficient information to either admit or deny the allegations of Paragraph 15, deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants, being without sufficient information to either admit or deny the allegations of Paragraph 16, deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants, being without sufficient information to either admit or deny the allegations of Paragraph 17, deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. Defendants, being without sufficient information to either admit or deny the allegations of Paragraph 22, deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants, being without sufficient information to either admit or deny the allegations of Paragraph 26, deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants incorporate herein and re-allege, as if fully set forth in this Paragraph, the responses contained in Paragraphs 1-30 of this Answer.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants, being without sufficient information to either admit or deny the allegations of Paragraph 33, deny the allegations contained in Paragraph 34 of the Complaint.

34. Defendants, being without sufficient information to either admit or deny the allegations of Paragraph 34, deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants incorporate herein and re-allege, as if fully set forth in this Paragraph, the responses contained in Paragraphs 1-40 of this Answer.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

NOW having fully answered, HMS and Givens pray:

1. That they be permitted to amend this Answer as merited by additional investigation and discovery; and

2. That this action against them be dismissed with prejudice, and its costs be assessed to Plaintiff.

Dated: February 10, 2005.

Respectfully submitted,

**VARNUM, RIDDERING, SCHMIDT AND HOWLETT, LLP**

By:        s / Jon M. Bylsma
    Ronald G. DeWaard  (P44117)
    Jon M. Bylsma  (P48790)
    Adam J. Brody  (P62035)
    Bridgewater Place
    333 Bridge Street, N.W.
    Post Office Box 352
    Grand Rapids, Michigan  49501-0352
    (616) 336-6480

- and –

**BONE McALLESTER NORTON PLLC**
Keith C. Dennen
511 Union Street, Suite 1600
Nashville, Tennessee 37219
(615) 238-6340

*Attorneys for Defendants Healthcare Management Systems, Inc. and Thomas E. Givens*

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants deny any and all allegations of the Complaint not specifically admitted herein.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by 17 U.S.C. § 411 and, consequently, this Court does not have jurisdiction over this matter.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks injunctive relief, Plaintiff's actions are barred because Plaintiff has failed to allege that he will suffer irreparable harm.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim on which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived his claims.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting his claims.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has engaged in unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff had authorized Defendants to engage in the allegedly-infringing conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendant Thomas E. Givens.

Dated: February 10, 2005.

Respectfully submitted,

**VARNUM, RIDDERING, SCHMIDT AND HOWLETT, LLP**

By:     s / Jon M. Bylsma
    Ronald G. DeWaard (P44117)
    Jon M. Bylsma (P48790)
    Adam J. Brody (P62035)
    Bridgewater Place
    333 Bridge Street, N.W.
    Post Office Box 352
    Grand Rapids, Michigan 49501-0352
    (616) 336-6480

- and –

**BONE McALLESTER NORTON PLLC**
Keith C. Dennen
511 Union Street, Suite 1600
Nashville, Tennessee 37219
(615) 238-6340

*Attorneys for Defendants Healthcare Management Systems, Inc. and Thomas E. Givens*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon **Peter A. Poznak**, Currie Kendall, PLC, 6024 Eastman Avenue, Midland, MI 46841-2765 and **Stanley K. Hill,** Law Office of Stanley K. Hill, PLC, 2625 Denison Drive, Mt. Pleasant, MI 48858-5596, by U.S. first-class mail, postage pre-paid, on this the 10th day of February, 2005.

    s / Jon M. Bylsma