UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL GOLDMAN,

    Plaintiff,                               Case No. 1:05-cv-35

v.                                                     Hon. Richard Alan Enslen

HEALTHCARE MANAGEMENT
SYSTEMS INC., et al.

    Defendants.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THOMAS GIVENS

Plaintiff Joel Goldman, by and through his counsel, Dykema Gossett PLLC, submits the following interrogatories to Defendant Thomas Givens, to be answered in writing, separately and under oath, within thirty (30) days after service hereof in accordance with Fed. R. Civ. P. 26 and 33.

## DEFINITIONS

The following definitions will apply to all interrogatories where such terms are used:

1.     As used herein, the words "Plaintiff" or "Goldman" shall refer to Joel Goldman and anyone acting for him or on his behalf, whether acting as an agent, employee, representative, investigator, attorney, or paralegal.

2.     As used herein, the words "You," or "Your" shall mean the defendant Thomas Givens.

3.     As used herein, the words "Person" or "Persons" shall mean each and every individual or entity, whether real or juridical or incorporated or unincorporated.

4. As used herein, the words "Document" or "Documents" shall be interpreted in their broadest sense. "Document" means any written, recorded, or graphic material, whether typed, handwritten, printed or otherwise, and any photograph, photostat, microfilm, videotape, or reproduction thereof including, without limitation, each note, memorandum, letter, inter-office memorandum, telegram, telex, e-mail, circular, release, article, report, prospectus, memorandum of telephone or personal conversation, file, record, financial statement, analysis, chart, account, book, draft, summary, diary, transcript, agreement, computer printout, electronically preserved writings and worksheets, agreement, contract, proposals, bids, offers, orders, confirmations, studies, projections, reports, minutes of meetings, tape, audible recording, films, computer data, computer files and computer program tapes and storage, including, without limitation, electromagnetic data storage and optical data storage. "Document" also includes any "document" and "tangible things" contemplated under Federal Rule of Civil Procedure 34(a), and any "writings," "recordings," and "photographs" as defined in Federal Rule of Evidence 1001. "Document" also means (a) the original and/or any non-identical original or copy including those with any marginal note or comment, or showing additions, deletions, or substitutions; (b) any drafts or translations; (c) attachment to or enclosure with any document; (d) every document referred to in any other documents; and (e) file folder labels, folder names, subdirectory names and structures, and computer drives and disk directory names and structures for all folders, disks, drives, and files containing responsive data or information.

5. "Communication" shall mean any writing or any oral conversation including, without limitation, telephone conversations, meetings, letters, memoranda, telegraphic and facsimile or telex communications, and all documents concerning such writing or such oral conversation.

6. "Any" means "all" as well as "any one."

7. "And" and "or" shall be construed conjunctively or disjunctively, as necessary to make the request inclusive rather than exclusive.

8. "Identify" means, with respect to a natural person, to set forth that person's full name, present or last known business and residence addresses, present or last known business and residence telephone numbers; the person's employer, the position or positions held with that employer and a description of the job responsibilities of such person.

9. "Identify" means, with respect to a corporation, partnership, business trust, association, governmental or business entity (including a sole proprietorship) to set forth its full name, address, telephone number, legal form (e.g., corporation, partnership, department of government, etc.), principal place of business, state of incorporation or organization, if any, and a brief description of its business.

10. "Identify" means, with respect to a document, to set forth the following information with respect to each document which is identified or referred to in the answers to these interrogatories:

    (a) Its customary business description.
    (b) Its number, if any (i.e., invoice or purchase number).
    (c) Its date.
    (d) The identity of the addressor(s) of or author(s) of or the signatories to the document.
    (e) The identity of the addressee(s) and recipient(s) (if any) of the document.
    (f) Whether or not such document (or a copy thereof) is in your possession, custody, or control.
    (g) The identity of all persons other than you who possess, control or have custody of such document, or any copy thereof.
    (h) The substance of the subject matter of each such document for which no privilege is claimed.
    (i) State whether any privilege is claimed with respect to such document, identifying the nature of any privilege claimed.

11. As used herein, the words "relates to" or "relating to" or "regarding" or equivalent language shall mean constituting, reflecting, respecting, supporting, contradicting, referencing, referring to, stating, describing, recording, noting, containing, monitoring, studying, analyzing, discussing, evaluating, or relevant to.

12. "Complaint" shall mean the Complaint filed in this action on January 13, 2005.

13. As used herein, the words "the source code produced by HMS" and "the medical records source code" shall mean the source code that HMS placed into escrow with SourceHarbor in connection with this litigation.

## INSTRUCTIONS

1. These interrogatories shall be deemed continuing, and supplemental responses shall be deemed required to the extent that HMS obtains further information after submitting its responses hereto.

2. Each interrogatory elicits all information available to HMS or obtainable by HMS from its attorneys, investigators, experts, employees, insurers, agents and representatives.

3. These interrogatories are to be answered in detail. If you cannot answer any interrogatory or Request in full, answer it to the extent possible and explain your inability to answer the remainder.

4. If any of the answers to these interrogatories may be derived from papers, records or documents in your possession or under your control, then attach a copy thereof to your answers, or in the alternative, describe each of the documents with specificity and state when and where they will be made available to defendant's counsel for inspection and copying.

5. All objections to an interrogatory on the grounds of any claim of privilege of any kind shall:

(a) State the nature of the claim of privilege;

(b) State all facts relied on in support of the claim of privilege or related thereto;

(c) Identify all documents related to the claim of privilege;

(d) Identify all persons having knowledge of any facts related to the claim of privilege;

(e) Identify all events, transactions, or occurrences related to the claim of privilege.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the person(s) to whom you directly reported during your employment at American Medical Centers.

**RESPONSE:**


**INTERROGATORY NO. 2:**

Identify the persons who reported directly to you during your employment at American Medical Centers who had any responsibility relating to that company's data processing systems.

**RESPONSE:**


**INTERROGATORY NO. 3:**

Identify Mary Lee Bunch.

**RESPONSE:**

**INTERROGATORY NO. 4:**

Identify every hospital that installed medical records software provided by you or American Medical Centers prior to 1986.

**RESPONSE:**

                                             **DYKEMA GOSSETT PLLC**

                                             /s Krista L. Lenart
                                             Bradley L. Smith (P48138)
                                             Krista L. Lenart (P59601)
                                             Laura Sagolla (P63951)
                                             Attorneys for Plaintiff
                                             2723 S. State Street, Suite 400
                                             Ann Arbor, Michigan 48104
                                             (734) 214-7660
                                             (734) 214-7696 (Fax)
                                             klenart@dykema.com

Date: November 18, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2005, I electronically filed the foregoing paper, Plaintiff's First Set Of Interrogatories To Thomas Givens with the Clerk of the Court using the ECF, and hereby certify that I have mailed by United States Postal Service Plaintiff's First Set Of Interrogatories To Thomas Givens to the following non-ECF participants: Ronald G. DeWaard at 333 Bridge Street, N.W., Post Office Box 352, Grand Rapids, Michigan 49501-0352 and Stanley K. Hill at 2019 Westbury Drive, Midland, Michigan 48642.

**DYKEMA GOSSETT PLLC**

/s Krista L. Lenart
Krista L. Lenart (P59601)
Bradley L. Smith (P48138)
Laura Sagolla (P63951)
Attorneys for Plaintiff
2723 S. State Street, Suite 400
Ann Arbor, Michigan 48104
(734) 214-7660
(734) 214-7696 (Fax)
klenart@dykema.com