**UNITED STATES DISTRICT COURT**
**IN THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOEL GOLDMAN,

        Plaintiff,                                     Case No. 1:05-cv-0035

v.                                                   HONORABLE RICHARD ALAN ENSLEN

HEALTHCARE MANAGEMENT SYSTEMS,
INC., and THOMAS E. GIVENS,

        Defendants.

---

| | |
|---|---|
| DYKEMA GOSSETT PLLC<br>By:    Bradley L. Smith (P48138)<br>           Krista L. Lenart (P59601)<br>Attorneys for Plaintiff<br>2723 South State Street, Suite 400<br>Ann Arbor, MI  48104<br>Phone:  (734) 214-7697<br>Facsimile:  (734) 214-7696<br>bsmith@dykema.com<br><br>GUERIN & RODRIGUEZ, LLP<br>By:    Stanley K. Hill (P47441)<br>Co-Counsel for Plaintiff<br>5 Mount Royal Avenue<br>Mount Royal Office Park<br>Marlborough, MA  01752<br>Phone:  (989) 297-1298<br>skhill@skhiplaw.com | VARNUM, RIDDERING, SCHMIDT AND HOWLETT, LLP<br>By:    Ronald G. Dewaard (P44117)<br>           Adam J. Brody (P62035)<br>Attorneys for Defendants<br>333 Bridge Street, NW<br>P.O. Box 352<br>Grand Rapids, MI  49501-0352<br>Phone:  (616) 336-6000<br>Facsimile:  (616) 336-7000<br>rgdewaard@varnumlaw.com<br>ajbrody@varnumlaw.com<br><br>BONE MCALLISTER NORTON PLC<br>By:    Keith C. Dennen<br>Co-Counsel for Defendants<br>511 Union Street, Suite 1600<br>Nashville, TN  37219<br>Phone:  (615) 238-6340<br>kdennen@bonelaw.com |

**FIRST AMENDED COMPLAINT AND RESTATED JURY DEMAND**

        Plaintiff Joel Goldman for his Complaint against the Defendants Healthcare Management Systems, Inc. and Thomas E. Givens states as follows:

## NATURE OF ACTION

1.      This is a suit for an accounting, damages, and injunctive relief arising from Defendants' actions in infringing Plaintiff's copyrights and engaging in unfair competition against Plaintiff.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of this matter under 17 U.S.C. §101, et. seq. and 28 U.S.C. §1338 because this action arises under the Copyright Law of the United States, 17 U.S.C. §101, et seq.

3.      Venue is proper in the Western District of Michigan, Southern Division under 28 U.S.C. §1400 and LCivR 3.2(e) because Defendant Healthcare Management Systems is found herein and because Plaintiff Joel Goldman resides herein.

## THE PARTIES

4.      Plaintiff Joel Goldman ("Goldman") is an individual residing in and doing business from Mecosta County, Michigan at 6694 Sunset Lane, Stanwood, Michigan.

5.      Goldman is in the business of writing, revising and licensing of computer software.

6.      Defendant Healthcare Management Systems, Inc. ("HMS") is a Tennessee corporation with its principal office in Davidson County, Suite 400, 3102 West End Avenue, Nashville, Tennessee.

7.      HMS does business in the State of Michigan and has registered itself with the Michigan Department of Consumer and Industry Services, Bureau of Commercial Services, as a foreign corporation doing business in the State of Michigan.  HMS has appointed the Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025 as its registered agent.

8. HMS is in the business of providing information technology systems and support to approximately 450 hospitals and clinics throughout the United States.

9. Defendant Thomas E. Givens ("Givens") is a founder of HMS or its predecessor and is currently chairman of the board of HMS.

10. During all or part of the time period relevant to this Complaint, Givens did business in the State of Michigan as an officer, director, employee and/or principal of HMS.

## GENERAL ALLEGATIONS

11. Commencing in the 1970's Goldman engaged in the business of designing computer software applications for IBM hardware and IBM operating systems, including IBM System 34 and System 36, to process hospital data.

12. In 1989, Goldman converted his software systems to run on IBM AS400 hardware and operating systems.

13. By the end of 1979, Goldman had written and implemented such software for hospital medical records, which included statistical analysis by physician, financial class, and service code (hereinafter "Goldman's Health Information Services software" or "HIS software").

14. Goldman's HIS software was capable of producing medical records reports by admissions and diagnosis related groups ("DRGs") in addition to the industry standard of producing medical records reports by discharge.

15. The HIS software created by Goldman and its organization of data utilizes routines, subroutines, and source code, which are original, unique and created by Goldman.

16. The HIS software created by Goldman produces reports that are original, unique and created by Goldman.

17. From and after October 1, 1979, Goldman provided and licensed HIS software to hospitals in the United States and Puerto Rico.

18. Prior to 1983, reimbursement to hospitals by third party payors, including the Medicare program, was based on costs reported by hospitals.

19. In 1983, the Medicare program announced that DRGs were to be utilized to determine Medicare payments to hospitals.

20. In 1983, when Givens was employed by American Medical Centers of Nashville, Tennessee, Goldman met with Givens in Nashville, Tennessee.

21. At the 1983 Nashville meeting, Goldman and Given met to discuss the purchase by American Medical Centers of HIS software for installation and use at the hospitals that American Medical Centers operated.

22. At the 1983 Nashville meeting, Goldman demonstrated the HIS software to Givens.

23. At the 1983 Tennessee meeting, Goldman installed one copy of the HIS software on a computer in Given's office and provided an additional copy to Givens on one or more diskettes.

24. In providing the HIS software to Givens, its subsequent use was solely to be by American Medical Centers which was to pay Goldman $10,000 for each American Medical Centers' hospital which utilized the HIS software.

25. Goldman did not provide consent to Givens, American Medical Centers, or HMS for use of HIS software by any other than American Medical Centers or the hospitals it operated and, even then, only if $10,000.00 was paid to Goldman for each installation.

26. Goldman has not been paid by Givens, American Medical Centers, HMS, or any person or entity on their behalf for the HIS software provided to Givens.

27. HMS was incorporated on May 4, 1984 by Givens' filing of the HMS Charter with the Tennessee Secretary of State, setting forth within that Charter Givens as the incorporator.

28. HMS provides information technology systems that integrates clinical and financial applications on IBM platforms.

29. From and after the incorporation of HMS in 1984, Givens has acted as software developer, programmer and product engineer for the information technology and software products sold, licensed and supported by HMS.

30. During the calendar year 2004, Goldman became aware that the information technology and software products sold, licensed and supported by HMS include Goldman HIS routines, subroutines and databases, and produce reports identical to or substantially similar to the Goldman HIS reports.

## Count I
## Copyright Infringement

31. Plaintiff incorporates paragraphs 1 through 30.

32. Goldman's HIS software is original to Goldman and is copyrightable subject matter under the laws of the United States.

33. The 1979 version of Goldman's HIS software has been registered with the United States Copyright Office under the Registration Number TX 6-023-458.

34. Since October 1, 1979 Goldman has been and still is the sole proprietor of all rights, title and interest in and to the HIS software.

35. Subsequent to his acquisition of HIS software from Goldman, the exact time being unknown to Goldman, Givens infringed Goldman's copyright by writing a computer program system that contains substantial material copied from Goldman's HIS software.

5

36. Subsequent to its incorporation on May 4, 1984, the exact time being unknown to Goldman, HMS infringed Goldman's copyright by writing a computer program system that contained substantial material copied from Goldman's HIS software.

37. At the present time HMS is providing information technology systems and support to approximately 450 hospitals and clinical installations throughout the United States. HMS provides to a majority of these installations software applications that contain substantial material copied from Goldman's HIS software.

38. The infringement of each of Plaintiff's rights in and to the copyrighted material constitutes a separate and distinct act of infringement.

39. HMS markets computer software that is integrated with the infringing software. Goldman is entitled to all HMS profits that arise from sales of such integrated software because such profits were made possible or generated as a result of the infringement.

40. HMS and Givens' aforesaid acts have been knowing and willful and these acts constitute copyright infringement in violation of 17 U.S.C. §501 and 17 U.S.C. §504.

41. By reason of their infringement of Goldman's copyright, HMS and Givens are liable to Goldman for the actual damages incurred by Goldman as a result of the infringement and any additional profits of HMS and Givens directly or indirectly attributable to such infringement.

### Count II
### Unfair Competition

42. Plaintiff incorporates paragraphs 1 – 41.

43. The HIS software created by Goldman contains trade secrets which derive independent economic value from not being generally known, are not readily ascertainable by proper means, and were and are the subject of reasonable efforts to maintain their secrecy.

44. HMS and Givens have misappropriated from Goldman the HIS software.

45. HMS and Givens have engaged and continue to engage in unfair competition with Goldman through their use of the HIS software and the palming off of that software as belonging to HMS.

46. HMS and Givens have been unjustly enriched in profits they received from said misappropriation and profits received from use of its derivatives.

### Count III
### Removal or Alteration of Copyright Management Information
### (17 U.S.C. §§1202-1203)

47. Plaintiff incorporates paragraphs 1-46.

48. Goldman's HIS software was comprised of numerous discrete computer files and programs.

49. On each discrete computer file or program that was provided to Givens, Goldman placed some or all of the following identifying information (hereinafter "copyright management information"):

    a) a name identifying the file or program;

    b) a descriptive title;

    c) a name identifying the author, including but not limited to "Joel Goldman," "JSM Computer Systems," and/or "J. Goldman;"

    d) Goldman's place of business, e.g., Key West, Florida;

    e) a copyright notice, including the work "copyright;"

    f) the year of publication.

50. Givens and/or HMS intentionally removed or altered Goldman's copyright management information.

51.     Givens and/or HMS distributed computer software that contained substantial material copied from Goldman's HIS software knowing that Goldman's copyright management information had been removed or altered without authority of Goldman or the law.

52.     Each act of removal and each distribution of software with copyright management information removed constituted a separate violation of 17 U.S.C. §1202.

53.     Goldman is entitled to actual damages he suffered plus any profits by Givens and/or HMS attributable to each violation of 17 U.S.C. §1202.

54.     In the alternative, Goldman is entitled to statutory damages in an amount not less than $2,500 per violation and not more than $25,000 per violation.

55.     Goldman is entitled to recover his costs and attorney fees pursuant to 17 U.S.C. §1203(b).

WHEREFORE Plaintiff Joel Goldman prays that this Court enter Judgment against Defendants Healthcare Management Systems, Inc. and Thomas E. Givens as follows:

A.      That HMS and Givens, their officers, agents, servants, employees and attorneys and all persons in active concert or participation with them, be enjoined from infringing Joel Goldman's copyrights pursuant to 17 U.S.C. §§502 and 1203(b).

B.      That HMS and Givens, jointly and severally, pay Goldman such damages and profits as provided in 17 U.S.C. §§504 and 1203(c), including statutory damages, or actual damages suffered by Goldman, together with their profits directly or indirectly attributable to said Defendants' infringement.

C.      That HMS and Givens, jointly and severally, pay Goldman such damages as he has sustained, together with all income and profits they have derived from their unfair competition and misappropriation of Goldman's trade secrets.  Alternately, that Goldman

recover his actual damages incurred as a result of Defendants' infringement and any additional profits of Defendant directly or indirectly attributable to the infringement together with costs and attorneys' fees.

      D.      That HMS and Givens, jointly and severally, pay Goldman the costs and disbursements of this action, with reasonable attorney fees, as provided by 17 U.S.C. §§505 and 1203(b).

      E.      That the Court order the infringing HMS software be impounded and destroyed.

      F.      That the Court award Goldman such other relief including exemplary damages or statutory damages as it deems equitable and just.

Dated: _____, 2006

Respectfully submitted,

DYKEMA GOSSETT PLLC

By:   s/Krista L. Lenart
Bradley L. Smith (P48138)
Krista L. Lenart (P59601)
2723 South State Street, Ste. 400
Ann Arbor, MI  48104
(734) 214-7697
klenart@dykema.com

**JURY DEMAND**

Comes now Plaintiff Joel Goldman, by counsel Krista L. Lenart of DYKEMA GOSSETT PLLC and demands a trial by jury of all issues so triable herein.

Dated: _____, 2006

Respectfully submitted,

DYKEMA GOSSETT PLLC

By:  s/Krista L. Lenart
Bradley L. Smith (P48138)
Krista L. Lenart (P59601)
2723 South State Street, Ste. 400
Ann Arbor, MI  48104
(734) 214-7697
klenart@dykema.com