# EXHIBIT C

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

JOEL GOLDMAN,

    Plaintiff,

v

HEALTHCARE MANAGEMENT
SYSTEMS, INC. and
THOMAS E. GIVENS

    Defendants.

Case No. 1:05CV0035
Honorable Richard Alan Enslen
U. S. District Judge

| | |
|---|---|
| CURRIE KENDALL, PLC<br>By: Peter A. Poznak (P27948)<br>Attorneys for Plaintiff<br>6024 Eastman Avenue<br>Midland, MI 48640<br>Phone: 989/839-0300<br>Fax:   989/832-0077<br>poznak@curriekendall.com | VARNUM, RIDDERING, SCHMIDT<br>AND HOWLETT, LLP<br>By: Ronald G. Dewaard (P44117)<br>      Adam J. Brody (P62035)<br>Attorneys for Defendants<br>Bridgewater Place<br>333 Bridge Street NW<br>P.O. Box 352<br>Grand Rapids, MI 49501 - 0352<br>Phone: 616/336-6000<br>Fax:   616/336-7000<br>rgdewaard@varnumlaw.com<br>ajbrody@varnumlaw.com |
| LAW OFFICE OF STANLEY K. HILL, PLC<br>By: Stanley K. Hill (P47441)<br>Co-Counsel for Plaintiff<br>2019 Westbury Dr.<br>Midland, MI 48642<br>Phone: 989/297-1298<br>skhill@skhiplaw.com | BONE MCALLISTER NORTON PLC<br>By: Keith C. Dennen<br>Co-Counsel for Defendants<br>511 Union Street<br>Suite 1600<br>Nashville, TN 37219<br>Phone: 615/238-6340<br>kdennen@bonelaw.com |

## RULE 16 JOINT STATUS REPORT

NOW COME the Plaintiff and Defendants, by and through their respective counsel, and submit this as their Joint Status Report Pursuant to Rule 16 for the Rule 16 Scheduling Conference scheduled for March 15, 2005 at 2:00 p.m. before Hon. Ellen S. Carmody. Appearing for the parties as counsel will be:

CURRIE KENDALL, PLC
By: Peter A. Poznak (P27948)
Attorney for Plaintiff

LAW OFFICESOF STANLEY K. HILL, PLC
By: Stanley K. Hill (P47441)
Attorney for Plaintiff

VARNUM, RIDDERING, SCHMIDT AND HOWLETT, LLP
By: Ronald G. Dewaard (P44117)
Attorney for Defendants

BONE MCALLISTER NORTON PLC
By: Keith C. Dennen
Attorney for Defendants

1) **Jurisdiction:**

   Plaintiff alleges the basis for the court's jurisdiction is an action for copyright infringement with pendent claim for unfair competition for which this Court has original jurisdiction over both claims by virtue of 28 USC 1338.

   Defendants deny that this Court has jurisdiction over Plaintiff's action, claiming that Plaintiff's claims for copyright infringement are barred by 17 USC 411.

2) <u>Jury or Non-Jury:</u>

   This case is to be tried before a jury.

3) <u>Judicial Availability:</u>

   The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in this case.

4) <u>Geographic Transfer:</u>

   The parties do not request transfer of this case.

5) <u>Statement of the Case:</u>

   Plaintiff's Claims. This is an action for an accounting and damages arising from Defendants' infringement of Plaintiff's copyrights and pendent claim for unfair competition though misappropriation of Plaintiff's trade secrets. The copyrighted work and trade secrets are computer software utilizing routines, subroutines and source codes to organize data and produce reports which organize hospital records. All are unique, developed by Plaintiff, protected by copyright law and are trade secrets of Plaintiff.

   Defendant's Response: The Defendants deny that they have infringed any copyright in the work allegedly owned by the Plaintiff. Specifically, the Defendants deny that the Plaintiff's work is entitled to copyright protection as the Plaintiff failed to comply with all requirements for protection under the Copyright Act (including registration and placing the copyright notice on all versions of the work). Moreover, the Plaintiff's claims are barred because Plaintiff has waived his claims, and by laches and by the applicable statute of limitations. Finally, Plaintiff's claims fail because Plaintiff had authorized Defendants' use of Plaintiff's work or waived his rights in the work. .

   Factual Issues for Resolution. Copyright Infringement: Plaintiff's ownership of copyright in subject software; Defendants' copying of Plaintiff's work; Damages. Unfair Competition: Confidentiality and lack of outside knowledge of relevant source codes and routines; Economic value of same; Defendants' misappropriation of same; Damages.

   Legal Issues for Resolution. None.

3

6) <u>Pendent State Claims:</u>

This case does involve a pendent state claim for unfair competition.

7) <u>Joinder of Parties and Amendment of Pleadings:</u>

No motions for joinder are necessary. All parties and claims are before the Court.

8) <u>Disclosures and Exchanges:</u>

(i) Initial Rule 26(a)(1) Disclosures will be made by all parties by April 1, 2005.

(ii) The plaintiff expects to be able to furnish the names of plaintiff's expert witness by:

May 15, 2005.

(iii) Defendant expects to be able to furnish the names of defendant's expert witnesses by:

June 15, 2005

(iv) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed.R.Civ.P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

Plaintiff's expert witness report by September 30, 2005

Defendants' expert witness report by October 31, 2005

(v) The parties have agreed to make available the following documents without the need of a formal request for production:

The parties have agreed to exchange, via an agreed upon third party and subject to Protective Order, computer software, routines, source code and executable code for data base structure with regard to Defendants' applications for: (1) medical records, (2) accounts receivable, (3) admissions, (4), billables, (5) additional specific programs and a specified customer of Defendant Healthcare Management Systems. The parties intend to have the Protective Order in final form and approved by the parties for presentation to the Court at the Rule 16 Conference. The

4

exchanges made pursuant to that order shall not be included within any Court Rule limitations upon discovery.

9) <u>Discovery:</u>

The parties believe that all discovery proceedings can be completed by December 31, 2005.

The parties recommend the following discovery plan:

Exchanges per 8), above.

Interrogatories as to factual basis of liability or lack thereof, not to exceed 30 in number.

Requests for Production of Documents as to factual basis of liability or lack thereof, not to exceed 30 in number.

Interrogatories as to basis for and calculation of damages, not to exceed 30 in number

Requests for Production of Documents as to basis for and calculation of damages, not to exceed 30 in number.

Requests by Interrogatory or for Production of Documents of computer software, routines, source code and/or executable code with regard to either parties' applications sold or provided to their customers shall be counted as a single interrogatory or request for production.

Depositions by Plaintiff of Defendant Thomas Givens, up to four other employees or representatives of Defendant Healthcare Management Systems, up to three customers of Defendant Healthcare Management Systems and Defendants' expert witness(es).

Depositions by Defendants of Plaintiff Joel Goldman, up to four employees, representatives of Joel Goldman; up to three customers of Joel Goldman and Plaintiff's expert witness(es).

The parties do not request modification of the presumptive time limits for depositions (one day of seven hours) of Fed. R. Cir. P. 30(d)(2).)

5

10) <u>Motions</u>

The parties acknowledge that W.D. Mich. LCivR 7.1 (d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1 (d).

The following dispositive motions are contemplated by each party:

By Plaintiff on liability

By Defendants on liability

Said motions to be filed by conclusion of discovery and before alternative dispute resolution.

l) <u>Alternative Dispute Resolution:</u>

The parties recommend that this case be submitted to voluntary facilitative mediation (W.D. Mich. L.Civ.R. 16.3) after the conclusion of discovery.

12) <u>Length of Trial:</u>

Counsel estimate the trial will last approximately six (6) days total, allocated as follows: three (3) days for plaintiff's case, three (3) days for defendant's case, no (-0-) days for other parties.

13) <u>Prospects of Settlement:</u>

The status of settlement negotiations is: Settlement negotiations have not commenced.

14) <u>Court Electronic Document Filing System:</u>

Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local roles. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the

6

traditional manner.

15) <u>Other</u>:

Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

None

Dated: March __, 2005

| | |
|---|---|
| CURRIE KENDALL, PLC<br><br>By: Peter A. Poznak (P27948)<br>Attorneys for Plaintiff | VARNUM, RIDDERING, SCHMIDT AND HOWLETT, LLP<br><br>Adam J. Brody by RCD with permission<br>By: Ronald G. Dewaard (P44117)<br>   Adam J. Brody (P62035)<br>Attorneys for Defendants |
| LAW OFFICE OF STANLEY K. HILL, PLC<br><br>By: Stanley K. Hill (P47441) SIGNED WITH PERMISSION P.A.P.<br>Co-Counsel for Plaintiff | BONE MCALLISTER NORTON PLC<br><br>By: Keith C. Dennen<br>Co-Counsel for Defendants |

7