# EXHIBIT D

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

JOEL GOLDMAN,

      Plaintiff,

v

HEALTHCARE MANAGEMENT
SYSTEMS, INC. and
THOMAS E. GIVENS

      Defendants.

Case No. 1:05CV0035
Honorable Richard Alan Enslen
U. S. District Judge

| | |
|---|---|
| CURRIE KENDALL, PLC<br>By:  Peter A. Poznak (P27948)<br>Attorneys for Plaintiff<br>6024 Eastman Avenue<br>Midland, MI 48640<br>Phone:  989/839-0300<br>Fax:      989/832-0077<br>poznak@curriekendall.com | VARNUM,  RIDDERING,  SCHMIDT<br>AND HOWLETT, LLP<br>By:  Ronald G. Dewaard (P44117)<br>     Adam J. Brody (P62035)<br>Attorneys for Defendants<br>Bridgewater Place<br>333 Bridge Street NW<br>P.O. Box 352<br>Grand Rapids, MI  49501 – 0352<br>Phone:  616/336-6000<br>Fax:      616/336-7000<br>rgdewaard@varnumlaw.com<br>ajbrody@varnumlaw.com |
| LAW  OFFICE  OF  STANLEY  K.  HILL,<br>PLC<br>By:  Stanley K. Hill (P47441)<br>Co-Counsel for Plaintiff<br>2019 Westbury Dr.<br>Midland, MI  48642<br>Phone:  989/297-1298<br>skhill@skhiplaw.com | BONE MCALLISTER NORTON PLC<br>By:  Keith C. Dennen<br>Co-Counsel for Defendants<br>511 Union Street<br>Suite 1600<br>Nashville, TN 37219<br>Phone:  615/238-6340<br>kdennen@bonelaw.com |

## STIPULATED DISCOVERY AND PROTECTIVE ORDER

WHEREAS, the parties' rights to full and meaningful discovery in the above captioned action (the "Litigation") require the exchange and discovery of documents, data, computer software (including both source code and executable code) and other materials each party deems confidential, proprietary, copyrighted or trade secrets ("Confidential Information"), and

WHEREAS, each party will further have need to expose their counsel, expert witnesses, principals, officers, directors and/or employees and others to the Confidential Information as provided herein;

IT IS HEREBY ORDERED that this Protective Order be entered pursuant to FRCP 26(c) and upon the stipulation of the parties, as follows:

1.     For purposes of this Order, Confidential Information is divided into two (2) categories. The first category is identified as Confidential Software Information and shall include software application elements, including but not limited to, the source code and executable code for data base structure and routines. The second category is identified as Other Confidential Information which shall include all depositions, documents voluntarily produced without a formal request for production of documents, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure which the disclosing party designates as "Confidential," hereafter furnished, directly or indirectly, by or on behalf of any party in connection with the Litigation. In designating information as

2

"Confidential," a party shall make such a designation only as to information or material which that party in good faith believes meets the standard of FRCP 26(c)(7) or is encompassed by the confidentiality provision of any pertinent agreement between the parties hereto or any third party, as comprising or reflecting currently sensitive information used by it in, or pertaining to, its business which is not generally known and which that party, to the date of production, would normally not reveal to third parties or would cause third parties to maintain in confidence..

2.      Within ten (10) days of entry of this Order, the parties shall appoint a person or entity to act as Escrow Agent pursuant to the terms of this Order. The Escrow Agent shall possess information technology, software and computer expertise sufficient to perform the services set forth herein. The Escrow Agent shall have or have access to computer hardware with sufficient specifications to perform the services set forth herein. The services and costs of the Escrow Agent shall be paid by the parties equally (50/50) in accordance with the Escrow Agent's requirements.

3.      Within twenty (20) days of entry of this Order, Defendants shall provide the Escrow Agent with all source code and executable code written for or running on an AS400 running in native mode, including all database structures and related subroutines, related to Defendants' applications for: (1) medical records and (2) admissions as well as all source code and executable code written for or running on a System 34, System 36, or an AS400 running in 36 mode, including all database structures and related subroutines, related to Defendants' applications for: (1) medical records and (2) admissions. Defendants will also provide samples of all

3

computer printouts, including all reports, generated by the computer software requested in this Paragraph. The discovery from Defendants set forth herein shall not be included in the numeric limitations upon discovery set by Case Management Order herein or otherwise applicable Court Rule.

4.      Within twenty (20) days of entry of this Order, Plaintiff shall provide the Escrow Agent with all source code and executable code written for or running on an AS400 running in native mode, including all database structures and related subroutines, related to Plaintiff's applications for: (1) medical records and (2) admissions as well as all source code and executable code written for or running on a System 34, System 36, or an AS400 running in 36 mode, including all database structures and related subroutines, related to Plaintiff's applications for: (1) medical records and (2) admissions. Plaintiff will also provide samples of all computer printouts, including all reports, generated by the computer software requested in this Paragraph. The discovery from Plaintiff set forth herein shall not be included in the numeric limitations upon discovery set by Case Management Order herein or otherwise applicable Court Rule.

5.      In providing Confidential Software Information to the Escrow Agent, the disclosing party shall provide the Escrow Agent two (2) identical copies of all Confidential Software Information requested of them by the other party. The format of the Confidential Software Information shall be in electronic and, when capable of being reproduced in hardcopy, hardcopy format. The Confidential Software Information

provided to the Escrow Agent shall not have any security features which prevent or hinder access to any of the software's features, including its source code and executable code.  Upon receipt of the Confidential Software Information, the Escrow Agent shall examine that information and verify the parties' delivery.  At such time as each party has provided the requisite Confidential Software Information to the Escrow Agent, the Escrow Agent shall forward one copy of that supplied by Defendants to counsel for Plaintiff and one copy of that supplied by Plaintiff to counsel for Defendants.   The Escrow Agent shall retain one complete set of copies of the submitted Confidential Software Information until further order of this Court.  The Escrow Agent and its employees shall not be used by any party to the Litigation as a consultant, fact or expert witness, and is expressly prohibited from testifying to any issue at trial herein.   The Escrow Agent shall act solely as a neutral repository of Confidential Software Information.

6.    Discovery requests by the parties for Confidential Software Information, beyond those identified herein shall be implemented through the Escrow Agent utilizing the same procedures as set forth herein.  Subsequent requests by Interrogatory or for Production of Documents of Confidential Software Information comprised of computer software, routines, source code and/or executable code with regard to either parties' applications sold or provided to their customers shall be counted as a single interrogatory or request for production for purposes numeric limitations upon discovery set by Case Management Order herein or otherwise applicable Court Rule.

5

7.    All Confidential Information (Confidential Software Information and Other Confidential Information) shall be used by the parties hereto solely for the purpose of conducting this Litigation and not for any other purpose whatsoever. Confidential Information may be disclosed only to the following persons:

a.    any counsel working on this action on behalf of any party, including in-house counsel, and their respective staffs and independent contractors providing support services at the direction and/or under the supervision of such counsel;

b.    any independent expert or consultant who is expressly retained or sought to be retained by any counsel described in Paragraph 7(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work and only after compliance with Paragraph 8 of this Order;

c.    an individual who is a party or designated employee of a party, with disclosure only to the extent necessary to assist that party in the Litigation, and only after compliance with Paragraph 8 of this Order;

d.    an individual who either prepared, was sent, received or reviewed the Confidential Information document prior to the commencement of the Litigation, or is specifically referred to therein;

e.    any person expected to testify at a trial or deposition of this matter, provided that the disclosure of the content of the Confidential Information is directly related to preparing that witness for testimony at trial, arbitration or deposition, and further provided that such witness (i) does not take the

6

Confidential Information, or a copy of it, into his or her possession, (ii) does not make any notes disclosing the contents of the Confidential Information, and (iii) agrees to be bound by this Order in compliance with Paragraph 8 herein;

     f.    an individual serving in the capacity of mediator, facilitator, case evaluator or other role in alternative dispute resolution of the Litigation;

     g.    the Court and its personnel; and

     h.    Court reporters and/or videographers, to the extent necessary to record and/or transcribe depositions or proceedings in the Litigation.

     8.    The persons described in Paragraphs 7(b), (c) and (e) herein shall not have access to Confidential Information until they have signed a copy of this Order as their acknowledgement that they are bound by its terms. A list shall be maintained by counsel for each party of the names of all persons to whom Confidential Information has been disclosed, and that list shall be available for inspection by opposing counsel upon request at the termination of the Litigation whether by settlement, judgment, or otherwise.

     9.    Each individual who receives any Confidential Information hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

     10.    The recipient of any Confidential Information that is provided under this Order shall maintain such information in a secure and safe area and shall use its best efforts to maintain the confidentiality of such information.

11.    Parties shall designate Confidential Information as follows:

a.    All materials submitted to the Escrow Agent shall be deemed Confidential Information.

b.    In the case of documents, interrogatory answers, responses to requests for admissions, and other written response, and the information contained therein, designation shall be made by placing the legend "Confidential" on any such document or written response prior to production.

c.    In the case of depositions, any party may designate the portion of the transcript (including exhibits) that contains Confidential Information with a statement to such effect on the record in the course of the deposition, or in the alternative may reserve the right to do so within fifteen (15) business days following receipt of the transcript of such deposition. Until the expiration of such fifteen (15) business days following receipt of the transcript, all parties shall treat such transcript as Confidential Information. If portions of the transcript or exhibits are designated as Confidential Information, the legend shall be placed on the original and each copy of the transcript identifying the pages of the deposition and exhibits so designated as Confidential.

d.    Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions, or other matters. If a deposition transcript containing Confidential Information is filed, the transcript shall bear the appropriate legend on the caption page and on each page containing Confidential material, and shall be filed under seal.

e.    During discovery, a party furnishing documents and things to another party shall have the option to require that all or batches of documents and things be treated as Confidential during inspection and to make its designations of particular documents and things pursuant to paragraph (a) of this section at the time copies of documents and things are produced or furnished.

12.    Nothing contained in this Order shall affect the right of any party to (a) make any objection, claim privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition as permitted by the Federal Rules of Civil Procedure, or (b) seek further Orders or relief from the Court regarding protection of proprietary, trade secret or other confidential information. Nothing in this Order shall constitute an admission or waiver of any claim or defense by any party.

13.    In the event that any Confidential Information is used in any court proceeding, including alternative dispute resolution, in connection with the Litigation, it shall not lose its status as Confidential Information through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use. If such documents, interrogatory answers, responses to requests for admissions, testimony or information are used at a hearing or at trial, such documents, interrogatory answers, responses to requests for admissions, testimony or information and all portions of the transcripts and exhibits thereto which refer or relate to such documents,

9

interrogatory answers, responses to requests for admissions, testimony or information, shall be treated as Confidential Information, pursuant to the provisions of this Order.

14.    A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

15.    The Clerk of the Court is directed to maintain under seal all documents, transcripts and other material filed with this Court in this Litigation which are, in whole or in part, designated as Confidential Information. The person filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

16.    Within sixty (60) days of the termination of this Litigation and any appeals therefrom, all Confidential Information held by the Escrow Agent shall be returned by the Escrow Agent to the party producing same. Upon such return by the Escrow Agent, its engagement and responsibilities to the parties and/or the Court shall be deemed terminated. Within sixty (60) days of the termination of this Litigation and any appeals therefrom, all Confidential Information of one party held by any party shall, upon request, be returned to the party which produced it, or otherwise shall be destroyed and a certification of destruction shall be provided to the party which produced it; provided, however, that for each party, counsel may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other party solely for reference in the event of, and only in the event of, further proceedings or litigation

between the parties, or a dispute over the use or dissemination of Confidential Information subject to the terms of this Order.  This Order shall survive the final termination of this Litigation with respect to any such retained Confidential Information.

    17.    The restrictions of this Order regarding use and disclosure of Confidential Information shall survive termination of this Litigation.

/s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge

Dated:   May 17        , 2005

STIPULATIONS TO ENTRY AS TO FORM AND SUBSTANCE:

CURRIE KENDALL, PLC

Peter A. Poznak (P27948)  *5-12-05*
Attorneys for Plaintiff
6024 Eastman Avenue
Midland, MI 48640
(989) 839-0300

BONE MCALLISTER NORTON PLC

By:  Keith C. Dennen
Attorneys for Defendants
511 Union Street
Suite 1600
Nashville, TN 37219
(615) 238-6340

## Peter Poznak

**From:**    ecfhelp@miwd.uscourts.gov
**Sent:**    Tuesday, May 17, 2005 11:45 AM
**To:**      ecfadmin@miwd.uscourts.gov
**Subject:** "Order on Stipulation and Proposed Order" filed in 1:05-cv-00035-RAE Goldman v. Healthcare Management Systems, Inc. et al

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court

### Western District of Michigan

Notice of Electronic Filing

The following transaction was received from Magistrate Judge Ellen S. Carmody, cbh entered on 5/17/2005 at 11:44 AM and filed on 5/17/2005

**Case Name:**        Goldman v. Healthcare Management Systems, Inc. et al
**Case Number:**      1:05-cv-35
**Filer:**
**Document Number:** 16

**Docket Text:**
DISCOVERY AND PROTECTIVE ORDER granting STIPULATION [15]; signed by Magistrate Judge Ellen S. Carmody (Magistrate Judge Ellen S. Carmody, cbh)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** goldman.pdf
**Electronic document Stamp:**
[STAMP miwdStamp_ID=976881588 [Date=5/17/2005] [FileNumber=748449-0] [
0603c3d4c90d1b0b68ab4868f50ec322b33f0fc36fcc1790ba5b65f5baa20d99309c15
2c0a55086f02085da2928b92822f9d0fd7e1e330d850c6f9d3faa81582]]

**1:05-cv-35 Notice has been electronically mailed to the following attorneys, and no further service upon them is required if the document has been electronically filed:**

Jon M. Bylsma      jmbylsma@varnumlaw.com, smnawara@varnumlaw.com

Keith C. Dennen      kdennen@bonelaw.com,

Stanley Kevin Hill      skhill@skhiplaw.com, admin@skhiplaw.com

Peter A. Poznak      poznak@curriekendall.com, martin@curriekendall.com

5/18/2005

**1:05-cv-35 Notice has NOT been electronically mailed to:**

5/18/2005

5/13/05

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

JOEL GOLDMAN,

    Plaintiff,

v

HEALTHCARE MANAGEMENT
SYSTEMS, INC. and
THOMAS E. GIVENS

    Defendants.

Case No. 1:05CV0035
Honorable Richard Alan Enslen
U. S. District Judge

| | |
|---|---|
| CURRIE KENDALL, PLC<br>By: Peter A. Poznak (P27948)<br>Attorneys for Plaintiff<br>6024 Eastman Avenue<br>Midland, MI 48640<br>Phone: 989/839-0300<br>Fax:    989/832-0077<br>poznak@curriekendall.com | VARNUM, RIDDERING, SCHMIDT<br>AND HOWLETT, LLP<br>By: Ronald G. Dewaard (P44117)<br>    Adam J. Brody (P62035)<br>Attorneys for Defendants<br>Bridgewater Place<br>333 Bridge Street NW<br>P.O. Box 352<br>Grand Rapids, MI  49501 – 0352<br>Phone: 616/336-6000<br>Fax:    616/336-7000<br>rgdewaard@varnumlaw.com<br>ajbrody@varnumlaw.com |
| LAW OFFICE OF STANLEY K. HILL,<br>PLC<br>By: Stanley K. Hill (P47441)<br>Co-Counsel for Plaintiff<br>2019 Westbury Dr.<br>Midland, MI 48642<br>Phone: 989/297-1298<br>skhill@skhiplaw.com | BONE MCALLISTER NORTON PLC<br>By: Keith C. Dennen<br>Co-Counsel for Defendants<br>511 Union Street<br>Suite 1600<br>Nashville, TN 37219<br>Phone: 615/238-6340<br>kdennen@bonelaw.com |

## STIPULATED DISCOVERY AND PROTECTIVE ORDER

WHEREAS, the parties' rights to full and meaningful discovery in the above captioned action (the "Litigation") require the exchange and discovery of documents, data, computer software (including both source code and executable code) and other materials each party deems confidential, proprietary, copyrighted or trade secrets ("Confidential Information"), and

WHEREAS, each party will further have need to expose their counsel, expert witnesses, principals, officers, directors and/or employees and others to the Confidential Information as provided herein;

IT IS HEREBY ORDERED that this Protective Order be entered pursuant to FRCP 26(c) and upon the stipulation of the parties, as follows:

1.     For purposes of this Order, Confidential Information is divided into two (2) categories.  The first category is identified as Confidential Software Information and shall include software application elements, including but not limited to, the source code and executable code for data base structure and routines.  The second category is identified as Other Confidential Information which shall include all depositions, documents voluntarily produced without a formal request for production of documents, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure which the disclosing party designates as "Confidential," hereafter furnished, directly or indirectly, by or on behalf of any party in connection with the Litigation.   In designating information as

2

"Confidential," a party shall make such a designation only as to information or material which that party in good faith believes meets the standard of FRCP 26(c)(7) or is encompassed by the confidentiality provision of any pertinent agreement between the parties hereto or any third party, as comprising or reflecting currently sensitive information used by it in, or pertaining to, its business which is not generally known and which that party, to the date of production, would normally not reveal to third parties or would cause third parties to maintain in confidence..

2.     Within ten (10) days of entry of this Order, the parties shall appoint a person or entity to act as Escrow Agent pursuant to the terms of this Order. The Escrow Agent shall possess information technology, software and computer expertise sufficient to perform the services set forth herein. The Escrow Agent shall have or have access to computer hardware with sufficient specifications to perform the services set forth herein. The services and costs of the Escrow Agent shall be paid by the parties equally (50/50) in accordance with the Escrow Agent's requirements.

3.     Within twenty (20) days of entry of this Order, Defendants shall provide the Escrow Agent with all source code and executable code written for or running on an AS400 running in native mode, including all database structures and related subroutines, related to Defendants' applications for: (1) medical records and (2) admissions as well as all source code and executable code written for or running on a System 34, System 36, or an AS400 running in 36 mode, including all database structures and related subroutines, related to Defendants' applications for: (1) medical records and (2) admissions. Defendants will also provide samples of all

3

computer printouts, including all reports, generated by the computer software requested in this Paragraph. The discovery from Defendants set forth herein shall not be included in the numeric limitations upon discovery set by Case Management Order herein or otherwise applicable Court Rule.

4.    Within twenty (20) days of entry of this Order, Plaintiff shall provide the Escrow Agent with all source code and executable code written for or running on an AS400 running in native mode, including all database structures and related subroutines, related to Plaintiff's applications for: (1) medical records and (2) admissions as well as all source code and executable code written for or running on a System 34, System 36, or an AS400 running in 36 mode, including all database structures and related subroutines, related to Plaintiff's applications for: (1) medical records and (2) admissions. Plaintiff will also provide samples of all computer printouts, including all reports, generated by the computer software requested in this Paragraph. The discovery from Plaintiff set forth herein shall not be included in the numeric limitations upon discovery set by Case Management Order herein or otherwise applicable Court Rule.

5.    In providing Confidential Software Information to the Escrow Agent, the disclosing party shall provide the Escrow Agent two (2) identical copies of all Confidential Software Information requested of them by the other party. The format of the Confidential Software Information shall be in electronic and, when capable of being reproduced in hardcopy, hardcopy format. The Confidential Software Information

4

provided to the Escrow Agent shall not have any security features which prevent or hinder access to any of the software's features, including its source code and executable code. Upon receipt of the Confidential Software Information, the Escrow Agent shall examine that information and verify the parties' delivery. At such time as each party has provided the requisite Confidential Software Information to the Escrow Agent, the Escrow Agent shall forward one copy of that supplied by Defendants to counsel for Plaintiff and one copy of that supplied by Plaintiff to counsel for Defendants. The Escrow Agent shall retain one complete set of copies of the submitted Confidential Software Information until further order of this Court. The Escrow Agent and its employees shall not be used by any party to the Litigation as a consultant, fact or expert witness, and is expressly prohibited from testifying to any issue at trial herein. The Escrow Agent shall act solely as a neutral repository of Confidential Software Information.

6.    Discovery requests by the parties for Confidential Software Information, beyond those identified herein shall be implemented through the Escrow Agent utilizing the same procedures as set forth herein. Subsequent requests by Interrogatory or for Production of Documents of Confidential Software Information comprised of computer software, routines, source code and/or executable code with regard to either parties' applications sold or provided to their customers shall be counted as a single interrogatory or request for production for purposes numeric limitations upon discovery set by Case Management Order herein or otherwise applicable Court Rule.

7.     All Confidential Information (Confidential Software Information and Other Confidential Information) shall be used by the parties hereto solely for the purpose of conducting this Litigation and not for any other purpose whatsoever. Confidential Information may be disclosed only to the following persons:

a.     any counsel working on this action on behalf of any party, including in-house counsel, and their respective staffs and independent contractors providing support services at the direction and/or under the supervision of such counsel;

b.     any independent expert or consultant who is expressly retained or sought to be retained by any counsel described in Paragraph 7(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work and only after compliance with Paragraph 8 of this Order;

c.     an individual who is a party or designated employee of a party, with disclosure only to the extent necessary to assist that party in the Litigation, and only after compliance with Paragraph 8 of this Order;

d.     an individual who either prepared, was sent, received or reviewed the Confidential Information document prior to the commencement of the Litigation, or is specifically referred to therein;

e.     any person expected to testify at a trial or deposition of this matter, provided that the disclosure of the content of the Confidential Information is directly related to preparing that witness for testimony at trial, arbitration or deposition, and further provided that such witness (i) does not take the

6

Confidential Information, or a copy of it, into his or her possession, (ii) does not make any notes disclosing the contents of the Confidential Information, and (iii) agrees to be bound by this Order in compliance with Paragraph 8 herein;

     f.    an individual serving in the capacity of mediator, facilitator, case evaluator or other role in alternative dispute resolution of the Litigation;

     g.    the Court and its personnel; and

     h.    Court reporters and/or videographers, to the extent necessary to record and/or transcribe depositions or proceedings in the Litigation.

     8.    The persons described in Paragraphs 7(b), (c) and (e) herein shall not have access to Confidential Information until they have signed a copy of this Order as their acknowledgement that they are bound by its terms. A list shall be maintained by counsel for each party of the names of all persons to whom Confidential Information has been disclosed, and that list shall be available for inspection by opposing counsel upon request at the termination of the Litigation whether by settlement, judgment, or otherwise.

     9.    Each individual who receives any Confidential Information hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

     10.    The recipient of any Confidential Information that is provided under this Order shall maintain such information in a secure and safe area and shall use its best efforts to maintain the confidentiality of such information.

11.    Parties shall designate Confidential Information as follows:

a.    All materials submitted to the Escrow Agent shall be deemed Confidential Information.

b.    In the case of documents, interrogatory answers, responses to requests for admissions, and other written response, and the information contained therein, designation shall be made by placing the legend "Confidential" on any such document or written response prior to production.

c.    In the case of depositions, any party may designate the portion of the transcript (including exhibits) that contains Confidential Information with a statement to such effect on the record in the course of the deposition, or in the alternative may reserve the right to do so within fifteen (15) business days following receipt of the transcript of such deposition. Until the expiration of such fifteen (15) business days following receipt of the transcript, all parties shall treat such transcript as Confidential Information. If portions of the transcript or exhibits are designated as Confidential Information, the legend shall be placed on the original and each copy of the transcript identifying the pages of the deposition and exhibits so designated as Confidential.

d.    Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions, or other matters. If a deposition transcript containing Confidential Information is filed, the transcript shall bear the appropriate legend on the caption page and on each page containing Confidential material, and shall be filed under seal.

8

e.    During discovery, a party furnishing documents and things to another party shall have the option to require that all or batches of documents and things be treated as Confidential during inspection and to make its designations of particular documents and things pursuant to paragraph (a) of this section at the time copies of documents and things are produced or furnished.

12.    Nothing contained in this Order shall affect the right of any party to (a) make any objection, claim privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition as permitted by the Federal Rules of Civil Procedure, or (b) seek further Orders or relief from the Court regarding protection of proprietary, trade secret or other confidential information. Nothing in this Order shall constitute an admission or waiver of any claim or defense by any party.

13.    In the event that any Confidential Information is used in any court proceeding, including alternative dispute resolution, in connection with the Litigation, it shall not lose its status as Confidential Information through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use. If such documents, interrogatory answers, responses to requests for admissions, testimony or information are used at a hearing or at trial, such documents, interrogatory answers, responses to requests for admissions, testimony or information and all portions of the transcripts and exhibits thereto which refer or relate to such documents,

9

interrogatory answers, responses to requests for admissions, testimony or information, shall be treated as Confidential Information, pursuant to the provisions of this Order.

14.    A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

15.    The Clerk of the Court is directed to maintain under seal all documents, transcripts and other material filed with this Court in this Litigation which are, in whole or in part, designated as Confidential Information. The person filing such material shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

16.    Within sixty (60) days of the termination of this Litigation and any appeals therefrom, all Confidential Information held by the Escrow Agent shall be returned by the Escrow Agent to the party producing same. Upon such return by the Escrow Agent, its engagement and responsibilities to the parties and/or the Court shall be deemed terminated. Within sixty (60) days of the termination of this Litigation and any appeals therefrom, all Confidential Information of one party held by any party shall, upon request, be returned to the party which produced it, or otherwise shall be destroyed and a certification of destruction shall be provided to the party which produced it; provided, however, that for each party, counsel may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other party solely for reference in the event of, and only in the event of, further proceedings or litigation

10

between the parties, or a dispute over the use or dissemination of Confidential Information subject to the terms of this Order. This Order shall survive the final termination of this Litigation with respect to any such retained Confidential Information.

17.    The restrictions of this Order regarding use and disclosure of Confidential Information shall survive termination of this Litigation.

_____
Richard Alan Enslen
United States District Judge

Dated: _____, 2005

STIPULATIONS TO ENTRY AS TO FORM AND SUBSTANCE:

CURRIE KENDALL, PLC

Peter A. Poznak (P27948)  5-12-05
Attorneys for Plaintiff
6024 Eastman Avenue
Midland, MI 48640
(989) 839-0300

BONE MCALLISTER NORTON PLC

By:  Keith C. Dennen
Attorneys for Defendants
511 Union Street
Suite 1600
Nashville, TN 37219
(615) 238-6340