**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

JOEL GOLDMAN,

    Plaintiff,

Case No. 1:05CV0035
Honorable Richard Alan Enslen

v.

HEALTHCARE MANAGEMENT
SYSTEMS, INC. and
THOMAS E. GIVENS,

    Defendants.

| | |
|---|---|
| DYKEMA GOSSETT PLLC<br>By: Bradley L. Smith (P48138)<br>Krista L. Lenart (P59601)<br>Laura Sagolla (P63951)<br>Attorneys for Plaintiff<br>2723 South State Street, Suite 400<br>Ann Arbor, MI 48104<br>Phone: (734) 214-7660<br>Fax: (734) 214-7696<br>bsmith@dykema.com<br>klenart@dykema.com<br><br>LAW OFFICE OF STANLEY K. HILL, PLC<br>By: Stanley K. Hill (P47441)<br>Co-Counsel for Plaintiff<br>2019 Westbury Dr.<br>Midland, MI 48642<br>Phone: (989) 297-1298<br>skhill@skhiplaw.com | VARNUM, RIDDERING, SCHMIDT<br>AND HOWLETT, LLP<br>By: Ronald G. Dewaard (P44117)<br>      Adam J. Brody (P62035)<br>Attorneys for HMS<br>Bridgewater Place<br>333 Bridge Street NW<br>P.O. Box 352<br>Grand Rapids, MI 49501-0352<br>Phone: (616) 336-6000<br>Fax: (616) 336-7000<br>rgdewaard@varnumlaw.com<br>ajbrody@varnumlaw.com<br><br>BONE McALLESTER NORTON PLLC<br>By: Keith C. Dennen<br>Co-Counsel for HMS<br>511 Union Street, Suite 1600<br>Nashville, TN 37219<br>Phone: (615) 238-6340<br>Fax: (615) 238-6301<br>kdennen@bonelaw.com |

## RESPONSE OF HEALTHCARE MANAGEMENT SYSTEMS, INC., TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

{00121263.1}

The Defendant, Healthcare Management Systems, Inc. ("HMS"), by and through undersigned counsel, respectfully submits this Response to the First Requests for Production of Documents filed by the Plaintiff in this matter.

## INTRODUCTION

These Responses are made solely for the purpose of this action. The Responses, including any production of documents, are subject to the Terms and Conditions of the Protective Order(s) that was entered in this action. HMS has not yet completed an investigation of the facts relating to this action and has not yet completed preparation for trial. The following Responses are thus given without prejudice to HMS' right to produce subsequently discovered material. HMS specifically reserves the right to supplement these Responses pursuant to the Federal Rules of Civil Procedure.

By these Responses (and production where applicable), HMS does not admit the relevance of any document and reserves the right to object to the admission into evidence of any document that is produced. Except for facts that are explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these Responses.

HMS specifically reserves the right to assert privilege for any privileged document that is inadvertently produced in response to these requests In the event such documents are inadvertently produced, the inadvertent production by HMS of a document containing attorney-client communication, attorney work-product or otherwise privileged information shall not constitute a waiver of privilege and such document or documents shall be returned to HMS immediately upon such request. Included in this reservation are not only documents promulgated by HMS but also any documents produced by HMS that may have been promulgated by others.

## **GENERAL OBJECTIONS**

1.  HMS objects to each and every request to the extent it calls for the production of privileged documents, including documents protected by the attorney-client privilege, investigative privilege, consulting expert exemption, documents containing work product and documents prepared in anticipation of litigation or trial. HMS further objects to each and every request to the extent it seeks the disclosure of the identities of, or any work generated by, non-testifying consulting experts retained by or at the direction of HMS' attorneys in anticipation or preparation for this and/or other threatened or pending litigation or in connection with the rendering of legal advice to HMS. No restatement of any specific objection in the context of these responses shall be construed to imply a waiver of any unstated privilege objections addressed by this General Objection.

2.  HMS objects to each request to the extent it attempts to impose a duty on HMS to produce documents that are available from other entities not parties in this litigation and to the extent it seeks materials that are available to the public.

3.  HMS objects to each and every request to the extent it is overly broad, burdensome, and oppressive, and seeks documents neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. HMS is performing a reasonable inquiry and search for documents as required by the Federal Rules of Civil Procedure; however, it is possible that even those requests that appear reasonable in scope on their face may, in fact, call for the production of certain documents that are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence. HMS preserves this objection to each such request to the extent it calls for the production of such documents.

4.   HMS objects to every request that uses language such as "each and every" or similarly broad language. Such a request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., United States v. Renault, Inc. 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). Moreover, HMS has no possible means of making the all-encompassing identification such a broadly worded request requires.

5.   HMS is contacting those persons who have knowledge of the location and/or existence of information that may be responsive. To the extent that Plaintiff's requests or any portion thereof seek to require HMS to take any actions other than those enumerated above, such as identifying "all persons" having knowledge or identifying "all documents" concerning the subject of the request, HMS objects to said request on the grounds that it is unduly burdensome and oppressive.

6.   HMS objects to each and every request to the extent that it requires HMS to produce documents created for him by other parties in that such request is vague, ambiguous, and overly broad. Additionally, such a request is broad enough to include information protected by the attorney-client privilege, the attorney work product doctrine, investigative privilege and the consulting expert exemption.

7.   The responses contained herein are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds to which the same statement would be subject if delivered in live testimony in court. All such objections and grounds are expressly reserved by HMS and may be interposed at the time of trial or in conjunction with other uses of the responses.

## DOCUMENTS REQUESTED

A.  Produce all copyrights or patents owned, licensed, or otherwise relied upon by HMS relating to all products or services sold licensed or distributed, including the Software at Issue, from 1983 to date hereof.

**RESPONSE:**

"Because each act of infringement is a distinct harm, the statute of limitations bars infringement claims that accrued more than three years before suit was filed .... " Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 889 (6th Cir. 2004). See also Hoste v. Radio Corp. of America, 654 F.2d 11, 11 (6th Cir. 1981). Further, HMS objects as overly broad and unduly burdensome as the request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., United States v. Renault, Inc. 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). Further, HMS claims a copyright in all documents, products, programs, codes of which it is the original author. Such documents, products, programs and codes is voluminous. HMS has previously provided specific documents pursuant to the protective order entered May 17, 2005, as well as filings with the Library of Congress. Copies of the filings with the Library of Congress will be made available at a time and place reasonable agreeable to the parties and their legal counsel.

B.  Produce all Documents by which HMS claims ownership in the Software at Issue.
**RESPONSE:**

See Response to Request B. Further, HMS objects as it is unclear what "Software at Issue" is in reference to as applied to HMS. Copies of the filings with the Library of Congress

will be made available at a time and place reasonable agreeable to the parties and their legal counsel.

  C. Produce all <u>financial</u> statements for HMS from 1983 to date hereof including income statements, balance sheets, and statements of cash flows (whether prepared internal or by external accountants, interim, audited, reviewed or compiled).

**RESPONSE:**

Such a request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., <u>United States v. Renault, Inc.</u> 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). In the interest of cooperation and subject to the Protective Order, HMS will produce its audited financial statements for fiscal years 2002, 2003 and 2004 at a time and place reasonable agreeable to the parties and their legal counsel.

  D. Produce all Documents, including without limitation Financial Documents, presenting or analyzing <u>profits, gross margin or contribution margin</u> by HMS product, service or product/service category from 1983 to date hereof.

**RESPONSE:**

See response to Request C.

  E. Produce all Documents, including without limitation Financial Documents, budgets, forecasts, projections or similar analysis, documenting or analyzing <u>management's expectations for future sales and profitability</u> of the Software at Issue from 1983 to date hereof.

**RESPONSE:**

HMS objects as overly broad and unduly burdensome as the request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., United States v. Renault, Inc. 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). See response to Request C.

F.  Produce all Documents, including without limitation <u>business plans, strategic plans or other similar documents</u>, prepared by management or third party consultants, describing the business of HMS, including but not limited to financial projections, or its products, markets, customers, and competitors from 1983 to date hereof.

**RESPONSE:**

Such a request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., United States v. Renault, Inc. 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960).

G.  Produce all Documents, including but not limited to <u>prospectuses, offering memorandum, disclosures or other similar documents</u>, prepared by management or third party consultants, for the purpose of seeking or soliciting potential financing for, or investors in, HMS from 1983 to date hereof.

**RESPONSE:**

Such a request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., United States v. Renault, Inc. 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). HMS states that it is not a publicly held

company and has not produced any document within the definitions during fiscal year 2002, 2003 or 2004.

H.  Produce all federal and state <u>tax returns</u> (including all supporting and supplemental scheduled) for HMS from 1983 to date hereof.

**RESPONSE:**

See Response to Request C. In the interest of cooperation and subject to the Protective Order, HMS will produce its tax returns for tax years 2002, 2003 and 2004 at a time and place reasonable agreeable to the parties and their legal counsel.

I.  Produce all Documents, including without limitation Financial Documents, internal sales reports or other management reports or analysis, showing <u>quantities sold, price per unit and total revenue</u> for the Software at Issue and each of its constituent modules from 1983 to date hereof.

**RESPONSE:**

Such a request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., <u>United States v. Renault, Inc.</u> 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). See response to Request C.

J.  Produce all Documents, including without limitation Financial Documents, internal sales reports or other management reports or analysis, showing <u>sales by customer</u>, including date of first software sale or license, type of software sold or licensed, sales price of software sold or licensed, subsequent software sales or licenses or upgrades and annual

maintenance revenue from the sale or license of all HMS software to all HMS customers from 1983 to date hereof.

**RESPONSE:**

"Because each act of infringement is a distinct harm, the statute of limitations bars infringement claims that accrued more than three years before suit was filed ...." Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 889 (6th Cir. 2004). See also Hoste v. Radio Corp. of America, 654 F.2d 11, 11 (6th Cir. 1981). Further, HMS objects as overly broad and unduly burdensome as the request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., United States v. Renault, Inc. 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). See also response to Request C.

K. Produce all <u>contracts, agreements, purchase orders and other Documents</u> evidencing contracts between HMS and its customers for the sale, licensing, distribution, service, maintenance, support and up-dating of the Software at Issue or any of its constituent modules from 1983 to date hereof.

**RESPONSE:**

"Because each act of infringement is a distinct harm, the statute of limitations bars infringement claims that accrued more than three years before suit was filed ...." Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 889 (6th Cir. 2004). See also Hoste v. Radio Corp. of America, 654 F.2d 11, 11 (6th Cir. 1981). Such a request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., United States v. Renault, Inc. 27 F.R.D. 23, 26-27 (S.D.N.Y.

1960). Subject to the Protective Order and in the interest of cooperation, HMS will produce certain documents responsive to this Request at a time and place agreed upon by their respective counsel.

L.  Produce all Documents, including without limitation Financial Documents, internal cost, production or manufacturing reports or other management reports or analysis containing information regarding the <u>actual cost, standard cost and variances (if a standard cost system is used) for material, labor, overhead and other costs of manufacturing and/or purchasing</u> for the Software at Issue and each of its constituent modules sold or licensed by HMS from 1983 to date hereof.

**RESPONSE:**

"Because each act of infringement is a distinct harm, the statute of limitations bars infringement claims that accrued more than three years before suit was filed .... " <u>Bridgeport Music, Inc. v. Diamond Time, Ltd.</u>, 371 F.3d 883, 889 (6th Cir. 2004). See also <u>Hoste v. Radio Corp. of America</u>, 654 F.2d 11, 11 (6th Cir. 1981). Such a request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., <u>United States v. Renault, Inc.</u> 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). See response to Request C.

M.  Produce all Documents, including without limitation Financial Documents, internal cost, production or manufacturing reports or other management reports or analysis containing information regarding the <u>gross margin earned</u> for the Software at Issue and each of its constituent modules sold or licensed by HMS from 1983 to date hereof.

**RESPONSE:**

{00121263.1}10

"Because each act of infringement is a distinct harm, the statute of limitations bars infringement claims that accrued more than three years before suit was filed .... " <u>Bridgeport Music, Inc. v. Diamond Time, Ltd.</u>, 371 F.3d 883, 889 (6th Cir. 2004). <u>See also</u> <u>Hoste v. Radio Corp. of America</u>, 654 F.2d 11, 11 (6th Cir. 1981). Such a request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. <u>See</u>, <u>e.g.</u>, <u>United States v. Renault, Inc.</u>, 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). See response to Request C.

N.  Produce all Documents, including without limitation Financial Documents, internal cost reports or other management reports or analysis containing information regarding the <u>software development costs</u> (whether capitalized or expensed) related to the development of the Software at Issue from 1983 to date hereof.

**RESPONSE:**

"Because each act of infringement is a distinct harm, the statute of limitations bars infringement claims that accrued more than three years before suit was filed .... " <u>Bridgeport Music, Inc. v. Diamond Time, Ltd.</u>, 371 F.3d 883, 889 (6th Cir. 2004). <u>See also</u> <u>Hoste v. Radio Corp. of America</u>, 654 F.2d 11, 11 (6th Cir. 1981). Such a request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., <u>United States v. Renault, Inc.</u> 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). See response to Request C.

O.  Produce all Documents, including without limitation Financial Documents, internal cost reports or other management reports or analysis containing information regarding

the <u>actual costs for sale, marketing, administrative, warehousing, distribution and other non-production costs</u> incurred in the marketing, distribution, sale, or license of the Software at Issue from 1983 to date hereof.

**RESPONSE:**

Such a request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., <u>United States v. Renault, Inc.</u> 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). See response to Request C.

P.  Produce all Documents, including without limitation Financial Documents, internal cost reports, payroll records, employment agreements with sales people or other management reports or analysis regarding <u>sales compensation / commission plans</u> associated with the Software at Issue sold or licensed by HMS from 1983 to date hereof.

**RESPONSE:**

Such a request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., <u>United States v. Renault, Inc.</u> 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). See response to Request C.

Q.  Produce all Documents describing or offering <u>standard and non-standard financing terms</u> (e.g. net 30 days) extended to customers purchasing or licensing the Software at Issue from 1983 to date hereof.

**RESPONSE:**

Such a request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in

essence, is a request for evidence, and not discoverable information. See, e.g., United States v. Renault, Inc. 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). See Response to Request K.

R. Produce all Documents, including without limitation Financial Documents, customer correspondence or other management reports or analysis showing the bad debt expenses associated with HMS products generally and the Software at Issue from 1983 to date here.

**RESPONSE:**

Objection as such a request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., United States v. Renault, Inc. 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). See Response to Request C and Request K.

S. Produce all Documents, including without limitation contracts, agreements and correspondence, relating to licensing or royalty arrangements with any third part (including related parties) for the rights to use any of HMS products or services from 1983 to date hereof.

**RESPONSE:**

"Because each act of infringement is a distinct harm, the statute of limitations bars infringement claims that accrued more than three years before suit was filed .... " Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 889 (6th Cir. 2004). See also Hoste v. Radio Corp. of America, 654 F.2d 11, 11 (6th Cir. 1981). Further, HMS objects as overly broad and unduly burdensome as the request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an

inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., United States v. Renault, Inc. 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). See Response to Request K.

T. Produce all Documents, including without limitation contracts, agreements and correspondence, relating to licensing or royalty arrangements with any third party (including related parties) that allow for HMS to re-sell any software developed by third parties to HMS' customers from 1983 to date hereof.

**RESPONSE:**

"Because each act of infringement is a distinct harm, the statute of limitations bars infringement claims that accrued more than three years before suit was filed .... " Bridgeport Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 889 (6th Cir. 2004). See also Hoste v. Radio Corp. of America, 654 F.2d 11, 11 (6th Cir. 1981). Objection Further, HMS objects as overly broad and unduly burdensome as the request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., United States v. Renault, Inc. 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960).

U. Produce all Documents, including without limitation valuation reports, letters or other correspondence containing values, information or analysis prepared internally or by third parties, regarding the value of any software related intellectual property owned by HMS from 1983 to date hereof.

**RESPONSE:**

"Because each act of infringement is a distinct harm, the statute of limitations bars infringement claims that accrued more than three years before suit was filed .... " Bridgeport

Music, Inc. v. Diamond Time, Ltd., 371 F.3d 883, 889 (6th Cir. 2004). See also Hoste v. Radio Corp. of America, 654 F.2d 11, 11 (6th Cir. 1981). Further, HMS objects as overly broad and unduly burdensome as the request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., United States v. Renault, Inc. 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960).

V. Produce all Documents, including without limitation market analysis or market studies, prepared by management or any third party containing information or analysis of market size, alternative or competitive products, customers or competitors and the actual or potential market for the Software at Issue from 1983 to date hereof.

**RESPONSE:**

Further, HMS objects as overly broad and unduly burdensome as the request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or "each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., United States v. Renault, Inc. 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960). HMS is unaware of documents containing the requested information.

W. Produce all Documents, including without limitation marketing materials or brochures, price lists, advertising material and sales presentations, prepared by HMS or third parties, providing information to potential users or customers regarding the Software at Issue from 1983 to date hereof.

**RESPONSE:**

Further, HMS objects as overly broad and unduly burdensome as the request is onerous, burdensome, harassing, prejudicial and overly broad. Each request asking "any" and "all" or

"each and every" is objectionable in that such an inquiry, in essence, is a request for evidence, and not discoverable information. See, e.g., United States v. Renault, Inc. 27 F.R.D. 23, 26-27 (S.D.N.Y. 1960).

X. Produce the source code and executable code for computer software products (with all security features which might prevent or hinder access to the software's features removed) delivered by HMS to the Carbon County Memorial Hospital, Rawlings, Wyoming.

**RESPONSE:**

All source codes and executable codes for computer software products within the statute of limitations for copyright infringement causes of action have been previously delivered pursuant to the Stipulated Discovery and Protective Order entered in this matter on May 17, 2005.

Dated: September 23, 2005.

                        BONE McALLESTER NORTON, PLLC

                        BY: _____
                               Keith C. Dennen
                               511 Union Street, Suite 1600
                               Nashville, TN 37219
                               Phone: (615) 238-6340
                               Fax: (615) 238-6301
                               Email: kdennen@bonelaw.com

                               *Co-Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

This is to certify that on September 23, 2005, a true and correct copy of the foregoing was electronically filed and served upon the following:

DYKEMA GOSSETT PLLC
By: Bradley L. Smith (P48138)
Krista L. Lenart (P59601)
Laura Sagolla (P63951)
Attorneys for Plaintiff
2723 South State Street, Suite 400
Ann Arbor, MI 48104
Phone: (734) 214-7660
Fax: (734) 214-7696
bsmith@dykema.com
klenart@dykema.com

VARNUM, RIDDERING, SCHMIDT AND HOWLETT, LLP
By:   Ronald G. Dewaard (P44117)
        Adam J. Brody (P62035)
Attorneys for Defendants
Bridgewater Place
333 Bridge Street NW
P.O. Box 352
Grand Rapids, MI 49501-0352
Phone: (616) 336-6000
Fax: (616) 336-7000
rgdewaard@varnumlaw.com
ajbrody@varnumlaw.com

LAW OFFICE OF STANLEY K. HILL, PLC
By: Stanley K. Hill (P47441)
Co-Counsel for Plaintiff
2019 Westbury Dr.
Midland, MI 48642
Phone: (989) 297-1298
skhill@skhiplaw.com

BONE McALLESTER NORTON PLLC
By: Keith C. Dennen
Co-Counsel for Defendants
511 Union Street, Suite 1600
Nashville, TN 37219
Phone: (615) 238-6340
Fax: (615) 238-6301
kdennen@bonelaw.com

this the 23rd day of September, 2005.

_____
Keith C. Dennen