UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOEL GOLDMAN,

        Plaintiff,

v.

HEALTHCARE MANAGEMENT
SYSTEMS, INC. and THOMAS E. GIVENS,

        Defendants.
_____/

Case No. 1:05-CV-35

Hon. Richard Alan Enslen

**ORDER**

    This matter is before the Court on Plaintiff Joel Goldman's Motion for Partial Summary Judgment on Liability and Defendants Healthcare Management Systems, Inc. and Thomas E. Givens' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. The Motions have been fully briefed and the Court discerns no reason for oral argument. W.D. MICH. LCIVR 7.2(d).

    Pursuant to Rule 56, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255). The factual record presented must be interpreted in a light most favorable to the non-movant. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 474, 587 (1986). Since both parties have moved for summary judgment

on similar grounds, each litigant will be accorded the status of movant and non-movant when applicable. *Lansing Dairy Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

Plaintiff has sued for copyright infringement, unfair competition, and a violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(a) and (b). Plaintiff avers Defendants have been infringing upon Plaintiff's copyright since Plaintiff downloaded a program onto Defendant Givens' computer in approximately 1983 (Count I). In Count II, Plaintiff argues Defendants' copying and selling of Plaintiff's program and source code[1] constitute unfair competition. Plaintiff also claims in Count III that Defendants knowingly provided false copyright management information and removed Plaintiff's copyright management information in violation of the DMCA. Defendants have asserted Plaintiff's claims are time-barred in light of the three-year statute of limitations and contest Plaintiff's authorship of the source code. Defendants further claim Plaintiff cannot prove damages and that any use of the source code or program at issue was fair use under 17 U.S.C. § 107.

After careful review of the record, the Court finds it rife with disputed facts requiring trial. The following are disputed: whether the source code was a work for hire; whether the appropriate copyright notices[2] were on the materials given to Defendant Givens in 1983; whether Plaintiff was on notice that his copyright was being infringed upon such that the statute of limitations began to toll in 1997 or earlier; whether Plaintiff acted reasonably and diligently when informed of similarities

---

[1]"The source code of a program is its operating instructions in a format that a computer programmer can read and use to maintain and revise a program." *Liu v. Price Waterhouse LLP*, 302 F.3d 749, 752 n.1 (7th Cir. 2002).

[2]Although Plaintiff can produce a version from a 386 computer dating from 1985, it is undisputed that neither party can produce the original source code. (Goldman Dep. 184-86).

between his program and Defendants' program at those times; whether Plaintiff's software was in the "public domain"; and whether Plaintiff's state law claim of unfair competition is pre-empted by federal law.  These genuine issues of material fact preclude summary judgment as to all of the above listed claims.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Joel Goldman's Motion for Partial Summary Judgment on Liability (Dkt. No. 63) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt. No. 66) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>December 8, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |