UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOEL GOLDMAN,

         Plaintiff,

v.

HEALTHCARE MANAGEMENT
SYSTEMS, INC. and THOMAS E. GIVENS,

         Defendants.
_____/

Case No. 1:05-CV-35

Hon. Richard Alan Enslen

**OPINION**

      This matter is before the Court on Plaintiff Joel Goldman's Motion for Sanctions for Defendants' Spoliation of Evidence pursuant to Federal Rule of Civil Procedure 37(b).

      Pursuant to Rule 37, a court is authorized to impose sanctions when a party fails to cooperate in discovery. Specifically, Rule 37(b) allows the Court to impose sanctions when a party fails to comply with a court order. In addition to Rule 37, the Court can exercise its inherent powers to enter sanctions against a party due to spoliation of evidence. *See Dillon v. Nissan*, 986 F.2d 263, 266-69 (8th Cir. 1993); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (finding sanctions under the court's inherent powers appropriate where counsel acted in bad faith); *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501 (6th Cir. 2002). These inherent powers include fashioning an appropriate sanction and "must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

      Plaintiff appears to argue that Defendants failed to produce relevant medical records source codes dating from 2005 in violation of the Joint Rule 16 status report and, as a result, also in violation of the Court's February 11, 2005 discovery order. Defendants argue that all such

disclosures were timely made and that Rule 37 is not implicated. There is no dispute that Defendants produced the source code at issue on time, rather the issue is whether Defendants wilfully destroyed parts of the source code that they timely produced. *See Dillon*, 986 F.2d at 266 (finding that where evidence was destroyed but no discovery order was violated, the court properly assessed sanctions under its inherent power.) Therefore, the Court finds that the relevant inquiry is properly addressed as coming under the Court's inherent powers rather than under Rule 37(b).

The Sixth Circuit Court of Appeals has held that the "policy rationales for this type of adverse inference are both evidentiary and deterrent." *Welsh v. United States*, 844 F.2d 1239, 1246 (6th Cir. 1988) (applying Kentucky law but discussing the general principles and history of the law regarding spoliation of evidence).[1] Further, the Court must consider the degree of fault of the party who altered or destroyed the evidence, "ranging from innocence through the degrees of negligence to intentionality." *Welch*, 844 F.2d at 1246; *see also Disler v. Target Corp.*, 2005 WL 2127813 (E.D. Tenn. Aug. 31, 2005) (explaining *Welch*). In general, the Sixth Circuit recognizes "a court may not allow an inference that a party destroyed evidence that is in its control, unless the party did so in bad faith." *Tucker v. GMC*, 1991 WL 193458, at *2 (6th Cir. Sept. 30, 1991) (collecting cases). In sum, when deciding whether to sanction a party for the spoliation of evidence, courts consider a variety of factors, but two factors carry the most weight: (1) the degree of culpability of the party who lost or destroyed the evidence, and (2) the degree of actual prejudice to the other party. *See*

---

[1] The Court finds that it has jurisdiction over this issue because of the federal question involved and its supplemental jurisdiction over Plaintiff's related state-law claim (Count II, unfair competition). Therefore, federal law on spoliation of evidence will be applied. It is noted that most cases analyze this issue under state law because such an issue often presents itself in cases which arise under diversity jurisdiction. However, the Court finds this of little consequence as this area of the law is guided by overarching common principles.

*Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994); *Dillon*, 986 F.2d at 263; *Clark Constr. Group v. City of Memphis*, 229 F.R.D. 131, 138 (W.D. Tenn. 2006).

In the instant case, Plaintiff asserts that Defendants ordered the deletion of relevant lines of source code which resulted in prejudice because the deleted lines of source code likely contained Plaintiff's name and copyright symbol and also would have shown substantial similarity between Plaintiff's and Defendants' source codes. Plaintiff further argues that Defendants' counsel, Bone McAllestar Norton PLLC ("BMN"), destroyed source codes it held in escrow for Defendants to avoid production.

After careful review, the Court finds that although the deletion of some lines of code constitutes an alteration of the evidence, Plaintiff has not shown any actual prejudice or Defendants' culpability. In regards to prejudice, both Defendant Givens and Mr. McCaghren testified that none of the removed code referenced Plaintiff or included a copyright symbol. (Givens Dep. 185, 2; McCaghren Dep. 34, 8.) BMN has located a copy of the source code at issue dating from 2001.[2] Further, Roberts & Roberts, which was Defendants' escrow agent prior to BMN, has also located a source code dating from 1998. Therefore, Plaintiff has at least two alternate sources of establishing whether Plaintiff's name or copyright symbol was in the code from sources which predate the 2005 source code at issue in this Motion.

In regards to Defendants' culpability, the Court finds that a claim of bad faith on the part of Defendants is unsupported on the record. Defendant Givens testified that he instructed an employee, Mark McCaghren, to "clean up" the source code for production to get rid of the "junk." (Givens

---

[2]The Court notes that Plaintiff's claim that BMN destroyed the pertinent source code is moot, as BMN has since, in a diligent search, located a source code older than even Plaintiff had anticipated.

Dep. 184, 14-17.) The clean up consisted of deleting comments in the code regarding old code that was no longer used and was done in the ordinary course of business. (McCaghren Dep. 39, 2-6.) Defendant Givens explained that the old comments were deleted because "you couldn't read the code because of it . . ." (Givens Dep. 184, 21.) McCaghren further testified that the commented lines were deleted to make the code more readable. (McCaghren Dep. 32, 13-14.) Defendants made no attempt to hide the deletion of the old comment code, and the modification was noted on the second page of the produced source code. (*See* Pl.'s Ex. G at 2.)

In light of these facts, the Court finds that although Defendants may have been negligent in their deletion of lines of source code, the record does not support a finding of bad faith or prejudice. Therefore, the Court will deny Plaintiff's Motion for Sanctions for Defendants' Spoliation of Evidence.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>December 8, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |