# EXHIBIT A

## UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOEL GOLDMAN,

       Plaintiff,

v.

HEALTHCARE MANAGEMENT SYSTEMS,
INC., and THOMAS E. GIVENS,

       Defendants.

Case No. 1:05-cv-0035

HONORABLE PAUL L. MALONEY

Magistrate Judge Ellen S. Carmody

## ORDER AMENDING CASE MANAGEMENT ORDER AND GRANTING DEFENDANTS' MOTION TO NAME FORENSIC RECOVERY EXPERT AND TO COMPEL PRODUCTION OF '386 COMPUTER

THE COURT, having reviewed the parties' briefs concerning defendants' "Motion for Leave to Name Replacement Expert Witness and to Compel Production of Plaintiff's Computer," having heard oral argument, and being otherwise fully advised in the premises,

IT IS HEREBY ORDERED that defendants' motion is GRANTED in part. The scheduling order is amended and defendants are granted leave to name Mr. Scott Bailey as a testifying forensic computer expert witness regarding plaintiff's '386 Gateway Computer, limited to issues related to forensic recovery of the programs/source code that are electronically stored on plaintiff's '386 Gateway computer. Mr. Bailey may offer opinions concerning creation and modification dates to the programs/source codes. Mr. Bailey may report on any contents he recovers from the computer, and may categorize and organize his report concerning the computer's contents (e.g., files found with and without copyright notices). Plaintiff shall make his '386 computer available to Mr. Bailey by January 9, 2008, for purposes of forensic recovery of any and all source code files residing on that computer.

If Mr. Bailey discloses a report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), he shall do so as promptly as possible, but not later than January 30, 2008. Any expert report he

submits shall be limited to matters related to his forensic recovery of electronically stored

information from the '386 computer and to his forensic analysis of that recovered source code.

Except as set forth in this order, Mr. Bailey shall not otherwise offer opinions concerning the

merits of plaintiff's claims or defendants' liability defenses, either in his report or through trial

testimony.

If Mr. Bailey discloses an expert report, Defendants shall make Mr. Bailely available for

deposition at the earliest mutually convenient date, but not later than February 7, 2008:

Defendants shall pay plaintiff's reasonable costs and attorney fees arising from 1)

plaintiff's response to defendants' motion to name a replacement witness and compel production

of the '386 computer and 2) follow-up work related to the disclosure of an expert report from

Mr. Bailey. Such costs and fees may include: transcript costs of the January 2, 2008 hearing on

that motion, court reporter attendance fees and transcript costs of Mr. Bailey's deposition, costs

of photocopies, computer legal research, mileage, and plaintiff's reasonable attorney fees for

time expended responding to defendants' motion and for legal work necessitated by defendants'

replacement expert, including review of any new report from Mr. Bailey, as well as preparation

for, travel, and attendance at any deposition taken of Mr. Bailey.

Dated: January 31, 2008

Stipulated to as to form only:

/s/ Bradley L. Smith _____ 1/21/08
Bradley L. Smith                (date)
James K. Cleland
Brinks Hofer Gilson & Lione
Counsel for Plaintiff
524 S. Main Street
Ann Arbor, MI 48104
(734) 302-6032

/s/ Ellen S. Carmody _____
Ellen S. Carmody, U.S. Magistrate Judge

/s/ Richard A. Kay _____ 1/31/08
Richard A. Kay                (date)
Adam J. Brody
Varnum, Riddering, Schmidt & Howlett, LLP
Co-Counsel for Defendants
333 Bridge Street NW, P.O. Box 352
Grand Rapids, MI 49501-0352
Phone: (616) 336-6000