UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL GOLDMAN,

       Plaintiff,

                                                  Case No. 1:05-cv-035

-v-

                                                  HONORABLE PAUL L. MALONEY

HEALTHCARE MANAGEMENT
SYSTEMS, INC. and THOMAS E. GIVENS,

       Defendants.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' OBJECTION AND EMERGENCY MOTION TO STRIKE PLAINTIFF'S WITNESS LIST FOR *DAUBERT* HEARING

       This Court has before it Defendants' Objection and Emergency Motion to Strike Plaintiff's Witness List for *Daubert* Hearing (Dkt. No. 227). Plaintiff filed a response (Dkt. No. 229).

       Defendants filed two motions in limine/*Daubert* motions challenging various aspects of testimony offered by Plaintiff's two expert witnesses, Mr. Vincent Thomas and Mr. Norman Jacobson. Based on a discussion of the motions at a pretrial conference, this Court scheduled a *Daubert* evidentiary hearing for March 18-20, 2008. The Court ordered Defendants to file a witness list for the hearing by March 5 and ordered Plaintiff to file its witness list within three days after Defendants' list was filed. Both parties timely filed their lists.

       After exchanging a series of emails regarding the *Daubert* hearing, Defendants filed this emergency motion. Defendants prayer for relief requests the following: (1) strike Plaintiff's witness list for the *Daubert* hearing, (2) rule that Plaintiff has the burden of proof to establish that the expert witnesses meet the standards under Federal Rule of Evidence 702 and *Daubert*, (3) rule that Defendants do not have the responsibility for making Plaintiff's experts available in Kalamazoo for

the *Daubert* hearing scheduled for March 18-20, 2008, (4) rule that Plaintiffs are precluded from calling his experts unless they appear for the hearings commencing at 9:00 a.m. March 18, and (5) rule that Plaintiff has failed to disclose any other witnesses and are now precluded from doing so, including Joel Goldman.

This Court has read the motion, response, briefs and supporting documents.  The following is **HEREBY ORDERED:**

1. Defendants' request that this Court strike Plaintiff's Witness List is **DENIED.**

Plaintiff timely filed a document titled "Plaintiff's Witness List for Daubert Hearing" (Dkt. No. 226).  Plaintiff includes a "preliminary statement" in that document which characterizes this Court's earlier Omnibus pretrial order (Dkt. No. 198) and asserts various legal conclusions, such as who bears the burden of proof.  Defendants' motion addresses different aspects of Plaintiff's Witness List document.  Those objections will be addressed individually rather than by striking the entire document.

2. Defendants' request that this Court rule that Plaintiff has the burden of proof to establish that the expert witnesses meet the standards under Federal Rule of Evidence 702 and *Daubert,* is **GRANTED.**

Under Rule 702, a trial court must determine whether proposed testimony is (1) scientific, technical or other specialized knowledge that (2) will assist the trier of fact to understand or determine a fact in issue.  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993).  The party offering the expert testimony must prove its admissibility by a preponderance of the proof. *Id.* at 593  n. 10 (citing FED. R. EVID. 104(a) and *Bourjaily v. United States*, 483 U.S. 171, 175-176

(1987)); *Pride v. BIC Corp.*, 218 F.3d 566, 578 (6th Cir. 2000). How Plaintiff goes about establishing the admissibility of his experts' testimony is not at issue. Both witnesses have been deposed and their vitas and opinions are already on record.

3. Defendants' request that this Court rule that Defendants do not have the responsibility for making Plaintiff's expert witnesses (Mr. Jacobson and Mr. Thomas) available in Kalamazoo for the *Daubert* hearings on March 18-20, is **DENIED.**

The party calling the witnesses to the stand will bear the burden of paying expenses associated with that witness. In this case, Defendants have filed the motion in limine/*Daubert* motions challenging aspects of the experts' testimony. Both experts have been deposed and their reports are part of the record. Defendants have not challenged either the qualifications or the methodologies of either expert. Instead, Defendants challenge aspects of the data from which the experts have reached their conclusions.

4. Defendants' request that Plaintiff is precluded from calling his experts unless they appear for the hearings commencing at 9:00 a.m. March 18, is **DENIED.**

As ordered above, Defendants bear the cost of bringing the witnesses to the hearing for Defendants' motions. Plaintiff indicates in his Witness List document he may offer the deposition testimony from either expert or their reports. (Plaintiff's Witness List at 3). Plaintiff also correctly indicates that they could, at the hearing, opt merely to read the deposition testimony from the experts where they provided the factual bases for their opinions. (Plaintiff's Response at 9).

5. Defendants' request that this Court rule that Plaintiff has failed to disclose any other witnesses and are now precluded from doing so, including Joel Goldman, is **GRANTED.**

Plaintiff states in his "Witness List" document that he "intends to call no witnesses at the March 18-20 *Daubert* hearing." (Plaintiff's Witness List at 2). Plaintiff may, as he indicates, cross examine any of the witnesses called by Defendants. Plaintiff may not, however, call impeachment witnesses even though he has attempted to reserve the right to do so. (*Id.*). This Court ordered the parties to disclose the witnesses they would call at the *Daubert* hearing. Defendants identified six witnesses they will call and an additional witness they may call. Plaintiff has indicated he does not intend to call any witnesses.

Date:   March 11,  2008              /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                             United States District Judge