UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL GOLDMAN,

        Plaintiff,

                                               Case No. 1:05-cv-035

-v-

                                            HONORABLE PAUL L. MALONEY

HEALTHCARE MANAGEMENT
SYSTEMS, INC. and THOMAS E. GIVENS,

        Defendants.

ORDER DENYING DEFENDANTS' MOTION FOR SUPPLEMENTAL ORDER THAT THE
SUBMISSION "C" OF "OUTLINE OF FACTUAL TESTIMONY, AS SPECIFICALLY AS
POSSIBLE, OF THE DAUBERT WITNESSES" BE SUBMITTED UNDER SEAL AND FOR
*IN CAMERA* REVIEW ONLY BY THE COURT (Dkt. No. 230)

      This Court has before it Defendants' Motion for Supplemental Order that the Submission "C" of "Outline of Factual Testimony, as Specifically as Possible, of the Daubert Witnesses" Be Submitted Under Seal and for *In Camera* Review Only By the Court (Dkt. No. 230). Plaintiff filed a response (Dkt. No. 233). A *Daubert* hearing is scheduled for March 18-20, 2008 in this case on two of Defendants' motions. On March 10, 2008, this Court entered an order requiring the parties to disclose the subject matter of the witnesses' testimony at the *Daubert* hearing. The order required "as specifically as possible, albeit in summary form, please outline the factual testimony of the witness."

      Defendants request the submissions be made *in camera*. Defendants argue the summary of factual testimony is protected by the Work Product Doctrine, citing *In re Antitrust Grand Jury, Advance Publications, Inc. v. United States*, 805 F.2d 155 (6th Cir. 1986). Second, Defendants assert it is inappropriate and unnecessary for the parties to have access to such information. Third, Defendants allege the summary of the factual testimony is for the benefit of the court, not the parties.

      Plaintiff responds this sort of disclosure regarding the testimony of expert witnesses is routine. Plaintiff argues the outlines are not work product any more than a trial brief is work product. Plaintiff urges this Court to leave the order as it stands which would ensure a more orderly hearing with fewer interruptions and objections.

      The information requested by this Court is not the sort of material ordinarily protected by the work product doctrine. *See generally Hickman v. Taylor*, 329 U.S. 495 (1947). Rule 26 of the Federal Rules of Civil Procedure was amended in 1993 to require parties to submit expert reports for testifying experts, which the parties have done here. *Regional Airport Authority of Louisville*

*v. LFG, LLC*, 460 F.3d 697, 713 (6th Cir. 2006).  In that case, the Sixth Circuit adopted the majority view of Rule 26, holding that the Rule requires disclosure of all information provided to testifying experts.  *Id.* at 714.  The Sixth Circuit noted "Rule 26 creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product, given to testifying experts."  *Id.* at 717.  While not dispositive for this situation, the holding in *Regional Airport Authority* demonstrates, at least with regard to expert witnesses, all factual information relevant to their opinions should be disclosed.

This Court has ordered a summary of the factual information the parties anticipate the witnesses will provide.  This information would already have been made available through the expert reports and their depositions.  The parties need not disclose the questions they anticipate asking each witness.  Knowing the anticipated factual testimony would not be prejudicial to either side.  The intent of the order was not to require the parties to disclose per se work product material.

For the reasons provide above, Defendants' motion (Dkt. No. 230) is **DENIED.  IT IS SO ORDERED.**


Date:   March 13, 2008                                             /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                               United States District Judge