UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL GOLDMAN,

        Plaintiff,

                                      Case No. 1:05-cv-035

-v-

                                      HONORABLE PAUL L. MALONEY

HEALTHCARE MANAGEMENT
SYSTEMS, INC. and THOMAS E. GIVENS,

        Defendants.

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AMENDED
MOTIONS IN LIMINE/*DAUBERT* MOTIONS ON PLAINTIFF'S EXPERTS, STRIKING
PLAINTIFF'S UNTIMELY RESPONSE TO DEFENDANTS' MOTION IN
LIMINE/*DAUBERT* MOTION ON PLAINTIFF'S DAMAGES CLAIMS AND EXPERT
(VINCENT A. THOMAS) REPORT AND TESTIMONY, AMENDING FOURTH CASE
MANAGEMENT ORDER AND DENYING DEFENDANTS' MOTION FOR LEAVE TO
FILE REPLY

        This Court has before it Plaintiff's Motion to Strike Defendants' Amended Motions in Limine/*Daubert* Motions on Plaintiff's Experts Norman Jacobsen[1] and Vince Thomas (Dkt. No. 218), Plaintiff's Response to Defendants' Motion in Limine/*Daubert* Motion on Plaintiff's Damages Claims and Expert (Vincent A. Thomas) Report and Testimony (Dkt. No. 217) and Defendants' Motion for Leave to File Reply to Plaintiff's Response (Dkt. No. 239). Defendants filed a response to the motion to strike (Dkt. No. 225) in which they argue Plaintiff's response to their motion regarding Mr. Thomas was not timely. This Court has read the motions, briefs and related documents.

        This copyright action was filed in January 2005. This judge inherited the action in August 2007. The docket sheet reflects very little activity between January and December 2007, despite the

---

[1] Plaintiff's expert is Norman Jacobson rather than Norman Jacobsen.

case being more than two years old.  In September 2007, after this case was reassigned, this Court entered a third Case Management Order setting a final pretrial conference for February 19, 2008 and a jury trial for March 2008.  (Dkt. No. 117).  Discovery and the time for filing dispositive motions had long expired.  Despite that, in December 2007, various motions related to expert witnesses were filed by both parties.  Those motions were resolved at a hearing before a Magistrate Judge in January 2008.

Since that hearing, the parties have filed more than twenty-five motions and objections, many overlapping on various issues.  The Case Management Order issued in September 2007 required any motions in limine to be filed no later than the date for the submission of the Final Pretrial Order, which was due three business days prior to the pretrial conference.  (Dkt. No. 117 ¶ 2c).  Because several of the motions filed by Defendants were titled "*Daubert* motions" raising issues related to Plaintiff's experts and because Defendants expected the trial to last three weeks (two more weeks than had been expected and set aside), this Court vacated the March 2008 trial dates and scheduled time for an evidentiary hearing related to Defendants' *Daubert* motions.

On February 21, 2008, this Court entered an "Omnibus Order Regarding Issues at Pre-Trial Conference" (Dkt. No. 198).  That order states that deadlines for filing motions and all responses would be strictly enforced.  When the Omnibus Order was issued, the deadline for filing motions in limine had passed, but this Court had granted leave for Plaintiff and Defendants to each file one specific additional motion.  The order stated Plaintiff had until "the close of business on February 29, 2008 to file responses" to Defendants' *Daubert* motions (Dkt. No. 198 ¶ 5).  The next day, February 22, 2008, this Court entered a Fourth Case Management Order setting the final pretrial conference for June 16, 2008 and a jury trial to begin July 14, 2008.  Unfortunately, the Order

included the usual boilerplate language regarding the timeline for filing motions in limine.

On February 27, 2008, without leave of the Court, Defendants filed amended motions in limine/*Daubert* motions regarding both of Plaintiff's experts. The motions added a number of reasons, not raised in the original *Daubert* motions, to exclude both experts' testimony. On February 29, 2008, at 11:39 p.m., Plaintiff filed his response to Defendants' motion regarding Mr. Thomas (Dkt. No. 217). Plaintiff also filed a Motion to Strike (Dkt. No. 218). On March 7, 2008, Defendants filed their response (Dkt. No. 225) to the motion to strike the amended *Daubert* motions. In their response, Defendants point out that Plaintiff's response to their motion in limine regarding Mr. Thomas was not filed "by the close of business" and is therefore untimely. On March 12, 2008, Defendants filed a motion for leave to file a reply to Plaintiff's response to Defendants' motion regarding Mr. Thomas (Dkt. No. 239).

This Court attempted to make clear at the pretrial conference that this case has languished long enough, that the time for filing motions had expired and that deadlines would be strictly enforced. Defendants' amended motions raise issues that were or should have been known when the original motions in limine/*Daubert* motions were filed. When the Omnibus order was issued, the deadlines for filing all motions had expired. This Court did not intend to allow the parties more time to file additional motions in limine when the Fourth Case Management Order was issued. Therefore:

(1) Plaintiff's Motion to Strike Defendants' Amended Motions in Limine/*Daubert* Motions on Plaintiff's Experts Norman Jacobsen and Vince Thomas (Dkt. No. 218) is **GRANTED.** Defendants' Amended Motion in Limine/*Daubert* Motion on Plaintiff's Expert Norman Jacobsen (Dkt. No. 207) and Amended Motion in Limine/*Daubert* Motion on Plaintiff's Damages Claim and

Expert (Vincent A. Thomas) Report and Testimony (Dkt. No. 208) are **STRICKEN.**

(2) Plaintiff's Response (Dkt. No. 217) to Defendants' Motion in Limine/*Daubert* Motion on Plaintiff's Damages Claim and Expert Vincent A. Thomas Report and Testimony is **STRICKEN as untimely.**

(3) The Fourth Case Management Order (Dkt. No. 201) is **AMENDED** to **VACATE paragraph 2(b).** Paragraph 2(b) shall read

b. The time for filing dispositive motions and motions in limine has expired.

(4) Defendants' Motion for Leave to File Reply (Dkt. No. 239) to Plaintiff's Response to Defendants' Motion in Limine/*Daubert* Motion on Plaintiff's Damages Expert (Vincent A. Thomas) Report and Testimony is **DENIED as moot.**

**IT IS SO ORDERED.**


Date:   March 14, 2008                    /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge