UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL GOLDMAN,

        Plaintiff,

                                    Case No. 1:05-cv-035

-v-

                                    HONORABLE PAUL L. MALONEY

HEALTHCARE MANAGEMENT
SYSTEMS, INC. and THOMAS E. GIVENS,

        Defendants.

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION (DKT. NO. 186) TO EXCLUDE REPORT AND TESTIMONY BY SCOTT BAILEY THAT VIOLATES THE COURT'S 1/31/08 ORDER, AND TO STRIKE EXHIBIT F FROM DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE REGARDING PLAINTIFF'S COPYRIGHT DEPOSIT MATERIALS

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION (DKT. NO. 189) TO DISQUALIFY EXPERT WITNESS JOSEPH DUKE

### ORDER DENYING DEFENDANTS' MOTION (DKT. NO. 223) FOR LEAVE TO REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISQUALIFY EXPERT WITNESS JOSEPH DUKE

Before this Court are, *inter alia*, three motions in limine related to expert witnesses. Plaintiff filed a motion (Dkt. No. 186) to exclude certain evidence and testimony from Defendants' expert Scott Bailey. Defendants filed a reply (Dkt. No. 206). Defendants filed a motion (Dkt. No. 189) to disqualify Joseph Duke as a witness. Plaintiff filed a response (Dkt. No. 213). Defendants filed a motion (Dkt. No. 223) for leave to reply to Plaintiff's response. As required by local rule, Defendants filed their proposed reply (Dkt. No. 224). *See* W.D. Mich. L.Civ.R. 5.7(f).

## I.  BACKGROUND

The complaint giving rise to this copyright action was filed in 2005. Defendants hired Mr. Joseph Duke of Drive Spies, LLC to perform a forensic analysis of Plaintiff's "386 computer." Mr.

Duke examined Plaintiff's computer and provided an expert report to Defendants on September 12, 2006.  On December 14, 2007, Defendants filed a motion (Dkt. No. 118) for leave to name a replacement expert witness and to compel production of Plaintiff's computer.  Defendants sought to name a replacement expert because, they alleged, Mr. Duke closed his business, discarded the images he took of Plaintiff's hard drive, was in the process of relocating to Florida and therefore could no longer serve as an expert witness at trial.[1]

A hearing was held on the motion before a Magistrate Judge.  The Magistrate Judge granted Defendants' motion in part (Dkt. No. 149).  The order allowed Defendants to name Mr. Scott Bailey as an expert

> limited to issues related to forensic recovery of the programs/source code that are electronically stored on Plaintiff's '386 Gateway computer.  Mr. Bailey may offer opinions concerning creation and modification dates to the programs/source codes. Mr. Bailey may report on any contents he recovers from the computer, and may categorize and organize his report concerning the computer's contents (e.g., files found with and without copyright notices).  Plaintiff shall make his '386 computer available to Mr. Bailey by January 9, 2008, for purposes of forensic recovery of any and all source code files residing on that computer.
>
> If Mr. Bailey discloses a report pursuant to Federal Rules of Civil Procedure 26(a)(2)(B), he shall do so as promptly as possible, but not later than January 30, 2008.  Any expert report he submits shall be limited to matters related to his forensic recovery of electronically stored information from the '386 computer and to his forensic analysis of that recovered source code.  Except as set forth in this order, Mr. Bailey shall not otherwise offer opinions concerning the merits of plaintiff's claims or defendants' liability defenses, either in his report or through trial testimony.

(*Id.*).  Mr. Bailey prepared a report which is dated January 29, 2008.  (Dkt. No. 186-4, Exhibit C to

---

[1]Reading the correspondence between the attorneys attached to the briefs in support of that motion, Plaintiff's counsel initially agreed to release the computer to Defendants for a second analysis.  When a person appeared at Plaintiff's counsel's office to pick up the computer, counsel learned that the person was not affiliated with Mr. Duke.  As a result, Plaintiff's counsel refused to release the computer to Defendants' new expert and Defendants were forced to file the motion.

Plaintiff's motion).  In the table of contents, beginning on page 39 of the report, Mr. Bailey includes a "comparison with 2005 production files."  (*Id.*).  In that section, Mr. Bailey compares the compressed files he found on Plaintiff's 386 computer to Plaintiff's files and source code produced during discovery in 2005.

On February 14, 2008, the parties submitted a Joint Final Pretrial Order (Dkt. No. 190). Included among Plaintiff's non-expert witnesses is Mr. Joseph Duke.  Defendants filed a motion to prevent Plaintiff from calling Mr. Duke as a witness.

## II.  LEGAL FRAMEWORK

Under the Federal Rules of Evidence, all relevant evidence is admissible and evidence that is not relevant is not admissible.  FED. R. EVID. 402.  The rules define "relevant evidence" as any "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.  Evidence that is relevant may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of the evidence."  FED. R. EVID. 403.  The Supreme Court has remarked on several occasions that the standard for relevancy is liberal.  *See e.g. Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993).  *See also Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006) (noting same).

The Federal Rules of Evidence do not specifically contemplate the use of motions in limine, however, their use has evolved under the federal courts' inherent authority to manage trials.  *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984).  *See also Figgins v. Advance America Cash Advance Ctrs. of Michigan, Inc.*, 482 F. Supp.2d 861, (E.D. Mich. 2007) (explaining that such

motions find some basis for authority under Rule 103(c), which provides that jury proceedings should be conducted "so as to prevent inadmissible evidence from being suggested."). The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial and to focus the issues the jury will consider. *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999) (holding federal rules of evidence, civil procedure and criminal procedure and interpretive rulings of the Supreme Court all encourage parties to use pretrial procedures, such as motions in limine, to narrow the issues and minimize disruptions at trial); *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). The decision to grant or deny a motion in limine is within a trial court's discretion. *United States v. Certain Lands Situated in the City of Detroit*, 547 F.Supp. 680, 681 (E.D. Mich. 1982). Such motions serve important gatekeeping functions by allowing the trial judge to eliminate from consideration, evidence that should not be presented to the jury because it would not be admissible for any purpose. *Jonasson,* 115 F.3d at 440.

III.  ANALYSIS

A.  (Dkt. No. 186) Plaintiff's Combined Motion to Exclude Report and Testimony by Scott Bailey that Violates the Court's 1/31/08 Order, and to Strike Exhibit F from Defendants' Brief in Support of Motion in Limine Regarding Plaintiff's Copyright Deposit Materials

Plaintiff argues portions of Mr. Bailey's report exceed the limitations clearly prescribed in the Magistrate Judge's order. Plaintiff argues Defendants filed the offending part of Mr. Bailey's report as Exhibit F to their brief (Dkt. No. 175) in support of their motion in limine regarding materials deposited with the copyright office. In response, Defendants argue Plaintiff has misinterpreted the order. Defendants point to the portion of the order allowing Mr. Bailey to offer

4

opinions concerning the creation and modification dates to the programs/source codes.  Defendants

also rely on Rule 703 of the Federal Rules of Evidence, which allows an expert to base an opinion

on facts or data which may be perceived or made known to the expert at or before the hearing.

Defendants argue Mr. Bailey has formed an opinion as to the creation and modification dates of

certain computer programs based on the facts and data perceived or made known to him.

   Defendants' interpretation of the order goes against both its explicit language and its intent.

Mr. Bailey was allowed to be named as an expert to replace Mr. Duke.  Mr. Bailey's report was

intended to function as a replacement for Mr. Duke's report, because Mr. Duke was not available

to testify at trial.  The Magistrate Judge and Defense Counsel were clear that Mr. Bailey would

perform a forensic analysis of the computer, similar to that performed by Mr. Duke, and limit his

report to the results of that forensic analysis.[2] Defendants isolate a single sentence ("Mr. Bailey may

offer opinions concerning creation and modification dates to the programs/source codes.") in the

order attempting to justify Mr. Bailey's comparison of the files on the 386 computer to other files

produced during discovery deliberately ignores the limitations on his report contained in the

immediately preceding sentence ("limited to issues related to the forensic recovery of the

programs/source code that are electronically stored on plaintiff's '386 Gateway computer") and the

next paragraph ("any expert report he submits shall be limited to matters related to his forensic

---

   [2]As an example, the following exchange took place between the Magistrate Judge and
Defense Counsel.
THE COURT: But, Mr. Kay, as you know one of the things I've got to look at is whether it's
prejudice to the other party and to allow a new expert to make the exact same analysis arguably
is not as prejudicial as allowing a new expert at the 11th hour to make a whole new analysis.
MR. KAY: Oh, I appreciate that and that's why what I am telling this Court and what I have told
Mr. Smith is that's not what's going on here.  This is a replacement expert who will be testifying
as a forensic expert on the recovery and contents of the programs that are on the 386 computer.
(Dkt. No. 196-3, Exhibit B to Plaintiff's Motion - Transcript of Hearing at 9).

recovery of electronically stored information from the '386 computer and to his forensic analysis of that recovered source code.").

Plaintiff's motion (Dkt. No. 186) is **GRANTED.** The portion of Mr. Bailey's report that compares the contents of the 386 computer to the files produced during discovery in 2005 exceeds the explicit limitations outlined in the Magistrate Judge's order. Mr. Bailey's comparison of the files violates the order because it is not related Mr. Bailey's forensic analysis of the 386 computer and because it is an opinion concerning the merits of plaintiff's claims or defendants' liability. Accordingly, that portion of Mr. Bailey's report and any related testimony shall be excluded from trial. Exhibit F to Defendants' Brief (Dkt. No. 175) in support of Motion in Limine (Dkt. No. 174) Regarding Materials Deposited by Plaintiff with the Copyright Office is **STRICKEN**.

B.  Dkt. No. 189) Defendants' Motion to Disqualify Expert Witness Joseph Duke

Defendants were surprised to see their former expert's name included on Plaintiff's list of non-expert witnesses. Defendants offer three reasons why Mr. Duke should be precluded from testifying as a witness for Plaintiff. First, Mr. Duke has no personal knowledge about the factual matters underlying the dispute. Second, Defendants would be prejudiced if Mr. Duke was allowed to testify. Third, courts generally frown on "side-switching" by experts. In response, Plaintiff insists Mr. Duke is only a fact witness and that Plaintiff has "no intention of eliciting expert opinion from Mr. Duke." (Dkt. No. 213, Plaintiff's response at 1). Plaintiff argues he should be able to examine Mr. Duke regarding the impact from his manipulation of data on the 386 computer. Plaintiff argues he should also be able to examine Mr. Duke on Mr. Duke's sworn affidavit explaining why he would be unable to testify.

Under the Federal Rules of Evidence, a witness who is not an expert may testify limited to

those opinions and inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. EVID. 701. Subsection (c) of the Rule was added in 2000 in an attempt to reduce "the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 370 F.3d 519, 525 (6th Cir. 2004) (quoting FED. R. EVID. 701, Advisory Committee Notes for 2000 Amendments). To distinguish lay testimony from expert testimony, the Advisory Committee Notes explain "lay testimony results from a process of reasoning familiar in every day life, while expert testimony results from a process of reasoning which can be mastered only by experts in the field." FED. R. EVID. 701, Advisory Committee Notes for 2000 Amendments (incorporating a discussion on the issue by the Tennessee Supreme Court in *State v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992)) (internal quotation marks omitted). *See United States v. White*, 492 F.3d 380, 407 (6th Cir. 2007). The Rules of Evidence distinguish between types of testimony, not between types of witnesses so that a witness may "properly offer lay testimony and, at the same time, may be precluded from putting forth expert testimony." *Id.* at 403.

Witnesses who perform after-the-fact investigations have typically not been allowed to apply specialized knowledge when giving lay testimony. *United States v. Ganier*, 486 F.3d 920, 927 (6th Cir. 2006) (discussing the practice before the 2000 amendment). In *Ganier*, the plaintiff was indicted on charges for altering, destroying or concealing documents with the intent to impede a federal investigation. *Id.* at 922. The government had one of its agents, a forensic computer specialist, use forensic software to determine what searches had been run on several computers. The government filed the agent's report the day before the trial was scheduled to begin. *Id.* at 924. The

defendant filed a motion to exclude the report, which the trial judge granted under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure.  *Id.* at 922-923.

On appeal, the Sixth Circuit explained Rule 16 requires the government to give, at the defendant's request, a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence.  *Ganier*, 468 F.3d at 925.  The government had argued the proposed testimony was not based on any scientific, technical or other specialized knowledge, but was lay testimony through which the agent would explain the output of commercially available software programs.  *Id.*  The court disagreed, explaining that "programs such as Microsoft Word and Outlook may be as commonly used as home medical thermometers, but the forensic tests [the agent] ran are more akin to specialized medical tests run by physicians."  *Id.* at 926.

Defendants' motion is **GRANTED IN PART AND DENIED IN PART.**  Mr. Joseph Duke may testify as a witness consistent with Rule 701 of the Federal Rules of Evidence.  Any testimony shall be limited to Mr. Duke's firsthand knowledge or observations that would assist the trier of fact to resolve a fact in issue.  Mr. Duke will not be allowed to offer scientific, technical or other specialized knowledge.  Plaintiff has identified two subject areas on which he might examine Mr. Duke.  Plaintiff is not entitled to ask Mr. Duke to offer opinions on whether Mr. Duke's analysis of the 386 computer "may have affected the data he analyzed or data returned to the hard disk." (Plaintiff's Response at 2).  Such testimony would clearly constitute an expert opinion.  Plaintiff may, however, ask Mr. Duke about the contents of his affidavit.

Defendants' second and third arguments against allowing Mr. Duke to testify both address his ability to testify as an expert witness.  Defendants assert they would be prejudiced if Mr. Duke

were allowed to testify because they relied upon his assertion that he would not be available and spent money on a replacement. Defendants also emphasize that Plaintiff opted not to depose Mr. Duke, but did depose Mr. Bailey, the replacement expert. Defendants request this Court disqualify Mr. Duke as an expert who is engaging in side-switching.

None of these are reasons to preclude Mr. Duke from testifying as a fact witness. Plaintiff insists Mr. Duke might be called only as a lay witness, not as an expert. In addition, Mr. Duke has not been retained by Plaintiff. The authority cited by Defendants does not support their argument on side-switching experts. Defendants have not suggested what, if any, protected or confidential information they provided Mr. Duke. *See North Pacifica, LLC v. City of Pacifica*, 335 F.Supp.2d 1045, 1051 (N.C. Cal. 2004) (holding the central concern in situations involving side-switching experts is whether counsel has unfairly obtained confidential information about the opposing party); *Cordy v. Sherwin-Williams Co.*, 156 F.R.D. 575, 580 (D.N.J. 1994) (asking, as part of the test for disqualifying an expert, whether any confidential information disclosures were made during the relationship between the expert and the party); *Wang Labs., Inc. v. Toshiba Corp.*, 762 F.Supp. 1246, 1248 (E.D. Va. 1991) (disqualifying an expert who was retained and received confidential information from one party for analysis and was later retained by an adverse party to perform an analysis for the same case). Defendants selectively quote from *Paul v. Rawlings Sporting Goods Co.*, 123 F.R.D. 271, 281 (S.D. Ohio 1988) for the proposition that an expert, once retained, should not serve in any capacity for an adverse party. The larger paragraph from which the excerpt was taken reveals the Magistrate Judge was explaining a situation at one end of a spectrum of attorney-client relationships. Defendants have not established that their relationship with Mr. Duke was so strong and established that it requires "no testimony as to the nature of the communication between

the two." *Id.*

  C. <u>(Dkt. No. 223) Defendants' Motion for Leave to Reply to Plaintiff's Response to</u> <u>Defendants' Motion to Disqualify Expert Witness Joseph Duke</u>

  Defendants argue, because of the complicated nature of the case and because Plaintiff's response raises new issues and arguments, they should have the ability to reply. This Court is not persuaded that the reply is either necessary or helpful. As complicated as Defendants believe the overall lawsuit may be, this particular motion is not complicated or difficult. Plaintiff's response merely outlines the scope of inquiries he would like to make of Mr. Duke. Defendants' motion is **DENIED.**

IV. CONCLUSION

  Mr. Bailey' report and testimony will be limited to what he found during his forensic analysis of Plaintiff's 386 computer. The portion of Mr. Bailey's report comparing what he found on the 386 computer to files and code not on the computer will not be admitted and may not be used to support other motions. Plaintiff may call Mr. Duke as a fact witness, but may not make inquiries of Mr. Duke which elicit expert testimony from him. Defendants motion for leave to file a reply to Plaintiff's response is denied.

## ORDER

Consistent with the above opinion, the following is **ORDERED:**

1.     Plaintiff's Combined Motion (Dkt. No. 186) Exclude Report and Testimony by Scott Bailey that Violates the Court's 1/31/08 Order, and to Strike Exhibit F from Defendants' Brief in Support of Motion in Limine Regarding Plaintiff's Copyright Deposit Materials is **GRANTED.**

2.     Exhibit F to Defendants' Brief (Dkt. No. 175) in Support of Motion in Limine Regarding Materials Deposited by Plaintiff with the Copyright Officer is **STRICKEN.**

3.     Defendants' Motion (Dkt. No. 189) to Disqualify Expert Witness Joseph Duke is **GRANTED IN PART and DENIED IN PART.**

4.     Defendants' Motion (Dkt. No. 223) for Leave to Reply to Plaintiff's Response to Defendants' Motion to Disqualify Expert Witness Joseph Duke is **DENIED.**

5.     Defendants' Reply (Dkt. No 224) to Plaintiff's Response to Defendants' Motion to Disqualify Expert Witness Joseph Duke is **STRICKEN.**

Date:   June 11, 2008                                    /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge

11