402. The testimony would be misleading and confusing under Rule 403. Furthermore the testimony would not assist the trier of fact under Rule 702.

IV. CONCLUSION

Plaintiff's motion (Dkt. No. 156) in limine to exclude evidence of copyrightability is DENIED. Defendants may offer evidence challenging the copyrightability of Plaintiff's program. Plaintiff's motion (Dkt. No. 185) in limine to exclude evidence of apportionment of damages is GRANTED. Under Plaintiff's all or nothing theory of copyright protection, apportionment of damages is irrelevant and evidence as to apportionment of damages is inadmissible

ORDER

Plaintiff's motion (Dkt. No. 156) in limine to exclude evidence challenging the copyrightability of medical records computer program is **DENIED.** Plaintiff's motion (Dkt. No. 185) to exclude evidence concerning apportionment of liability or damages based on frequency of copyright notice is **GRANTED.  IT IS SO ORDERED.**

Date:   June 20, 2008                                                                          /s/ Paul L. Maloney
                                                                                               Paul L. Maloney
                                                                                               United States District Judge

11